## JONES *v.* RANDOLPH.

An instruction which assumes the existence of facts of which there is no evidence is misleading and erroneous.

ERROR to the Supreme Court of the District of Columbia. The facts are stated in the opinion of the court.

*Mr. Walter D. Davidge* for the plaintiffs in error.
*Mr. John Selden, contra.*

MR. CHIEF JUSTICE WAITE delivered the opinion of the court.

This was an action of ejectment, and the defendants below, plaintiffs in error here, set up title under a deed of trust made by William O'Neale, Nov. 12, 1820, to William A. Bradley, cashier of the Bank of Washington, to secure a debt to that bank. On the 31st of December, 1839, at the request of the father of Margaret R. Timberlake, a minor, French S. Evans, her guardian, paid to the bank with her moneys in his hands the amount of the debt. The note which evidenced it was assigned to him in proper form, and from that time he was allowed to collect the rents of the property covered by the trust deed. The amount he paid was $1,072.41, which, it is conceded, was the actual sum then due the bank. His guardianship terminated in July, 1843. He then settled his accounts with the proper court, and filed in court the note he had got from the bank. After that, in 1845, proceedings were instituted under the trust deed to sell the property to pay the balance due on the debt. At the sale the plaintiffs in error claim to have become purchasers and to have acquired title, under which they took the possession they now hold.

On the trial it became a material question whether the debt secured by the trust deed had been paid before the attempted sale. The evidence was that the guardian, between the time he got the note and the time he went out of office, had collected only about six hundred dollars of rents. These were credited by him in his accounts with his ward, but there was nowhere in the testimony anything tending to show that any other per-

son representing the owners of the debt ever had the possession of the property or had ever actually collected any more of the rents. The rights of the parties at the trial in reference to this part of the case, so far as the record shows, depended upon the actual collection of rents, and not upon the value of the use and occupation of the property, while the creditor assumed the right to collect the rents as they accrued and appropriate them to the discharge of the debt.

Such being the condition of the evidence on this branch of the case, all of which was embodied in the bill of exceptions, the court charged the jury as follows : —

"If the jury find from the evidence that William O'Neale died on Oct. 24, 1837, having by his last will and testament, and the codicil thereto, disposed of his estate as set out in the paper hereunto annexed and marked A, and that after his death, and down to Dec. 31, 1839, the said Rhoda O'Neale collected the rents and profits of the two brick houses mentioned in the said codicil, and was in possession of the same, under color of authority derived from the said last will and testament ; that on the day and year last aforesaid the last renewal of the note mentioned in the deed of trust executed by the said William O'Neale was in part unpaid and outstanding in the hands of the Bank of Washington, mentioned in the said deed of trust; that on that date one French S. Evans, while guardian of one Miss Margaret R. Timberlake, then eleven years of age, and daughter, by a former husband, of the said Mrs. Margaret L. Eaton, mentioned in the said last will and testament, from and with the means of his said ward paid unto the said bank the whole amount then due on the said note, and the same, with the security created by the said deed of trust, caused to be assigned to himself as such guardian ; and if the jury further find that thereafter and between the said thirty-first day of December, 1839, and the twenty-ninth day of July, 1843, the said Evans, as guardian aforesaid, of the rents and profits of the estate so as aforesaid disposed of by the said last will and testament, and with the consent of the said Rhoda O'Neale, made collections from time to time, and applied them to the said note, until the same, both as to principal and interest, was fully paid, and that on the said twenty-ninth

day of July, 1843, the said Evans, in the Orphans' Court of this District, closed his account as such guardian, then the jury are instructed, as matter of law, that the said note, on or before the twenty-ninth day of July, 1843, became extinguished, and that no valid sale could be made of the property in question under the said deed of trust, in the year 1845.

" If the jury find that the note in question was paid on or before July 29, 1843, or at any time prior to 1845, out of the proceeds or income of the estate of William O'Neale, deceased, under the direction or consent of his widow, the deed of trust became thereby extinguished."

Inasmuch as the evidence did not tend to show that more than about six hundred dollars had been actually collected from the rents by Evans or any other person for the account of the holder of the note, we cannot but think this charge was misleading. It assumed that the jury might find that full payment had been made in that way, when there was no evidence whatever to support such a verdict. It is possible that the guardian, or some other person who for the time being properly represented the ward, while permitted to collect the rents, ought to have collected more, and was on that account chargeable with more than he actually got, or that the debt had been otherwise paid; but that was not the question submitted to the jury. Under the instructions the jury were to inquire only whether there had been a satisfaction of the debt through actual collection of rents.

As this leads to a reversal of the judgment, we deem it unnecessary to consider any of the other errors assigned, and especially whether the instruction requested by the defendants was properly modified. The same questions may not arise on a second trial.

The judgment will be reversed and the cause remanded with directions to grant a new trial and proceed accordingly.

*So ordered.*