[Filed June 9, 1884.]

## CHARLES YARNBERG v. A. J. WATSON.

VESSEL—CONSTRUCTION OF STATUTE.—An incomplete portion of a boat, as the hull or other part, requiring the construction of additional parts before it can be used for the purpose intended, is not a "vessel" within the meaning of section 773 of the Oregon code.

INSTRUCTION—QUESTION OF FACT FOR JURY—ERROR.—Upon an issue as to the sale of an uncompleted hull of a boat, an instruction that "the sale of a vessel is required to be in writing, and the jury must find that there was a writing, otherwise there could have been no sale of the vessel in question," is erroneous. It assumes that the facts show that the property transferred was a vessel, which it was the province of the jury to determine.

MULTNOMAH COUNTY.    Defendant appeals.    Reversed.

*Woodward & Woodward*, for Appellant.

*Thayer & Williams*, for Respondent.

LORD, J.   This was an action to recover for labor and services alleged to have been performed by the plaintiff at the request of the defendant in attending to and superintending the construction of a certain boat afterwards known as the steamboat Ona.   The answer denies the allegations of the complaint and sets up affirmatively that the labor and services declared for were performed at plaintiff's own instance and with one Joseph J. Bell, as owners of said boat afterwards called the Ona, upon which issue was joined, trial had, and judgment in favor of the plaintiff.   By the bill of exceptions, there was evidence tending to show that on the seventh day June, 1882, the defendant by an oral agreement sold to the plaintiff and Joseph J. Bell, the hull of a vessel which had not at that time been enrolled as a vessel, and that the plaintiff and said Bell, acting on their own account as owners under such sale and purchase, proceeded to fit up and convert the said hull into a steam schooner

(propeller), which was afterwards enrolled in the custom-house as a vessel under the name of Ona, and that the work and labor declared for is the same work and labor performed by plaintiff in converting and fitting up said hull as aforesaid. It further appears, by reason of financial embarrassment, but before involved, the plaintiff was unable to take the record title to the vessel by enrollment, and the title was taken two thirds to Joseph J. Bell and one third to the defendant. This was effected by the plaintiff transferring his interest to the said Bell, and by Bell to the defendant. The error as assigned is to that portion of the charge in which the court said: "That the sale of a vessel was required to be in writing, and that they must find there was such writing, otherwise there could have been no sale of the vessel in question and the plaintiff would be entitled to recover the reasonable value of his services in fitting it up." The only question argued and presented by this record is, whether the boat or property transferred at the date of the oral agreement and transfer was a vessel within the meaning of section 773, Oregon Code, which provides that "a sale or transfer of a vessel is not valid unless it is in writing and signed by the party making the transfer." It is conceded that if the work alleged to have been done by the plaintiff was upon his own, and not upon the defendant's, property, he would not be entitled to recover. But the defendant contends that the provision of the law above cited only applies to a vessel, and not to some incomplete portion thereof, as a hull or other part requiring construction of additional parts before it can properly be denominated or become a vessel, and consequently it was error in the court to assume in its charge that the facts as disclosed by the record brought the case within the meaning of this provision of the law by instructing the jury that they must find that there was a writing, other-

wise there could have been no sale, and thereby fixing defendant's liability.

It will not be contended, if, upon the facts, the property was sold and delivered, and at the time of such sale and transfer, it was not a vessel, that any writing was required to make such a transaction valid, or make proper proof of that fact.

The term "vessel," in its broadest sense, includes a variety of things obviously not intended to be included in the provisions of this law. (Webster's Dict., Vessel; *Knisely* v. *Parker*, 34 Ill. 484.) It has been defined to be any "structure made to float upon the water for the purpose of commerce or war, whether impelled by wind, steam, or oars." (Webster's Dict., Vessel; *Chaffer* v. *Ludeling*, 27 La. Ann. 611; *The Eliza Ladd*, 3 Saw. 522.) It must be a vehicle, suitable, at least, to carry men or goods upon water, by whatever means propelled. Hence it has been held that a canal-boat is a "vessel" within the meaning of a statute providing for the collection of demands against ships and vessels. (*Fralick* v. *Betts*, 13 Hun, 633; *Crawford* v. *Collins*, 45 Barb. 269; *King* v. *Greenway*, 71 N. Y. 413.) But a boat in an unfinished state, and wholly unfit for the carriage of men or goods on water, or for any purpose for which any vehicle is intended, is not a vessel. (*Commonwealth* v. *Francis*, Thach. Cr. Cas. 240.) And in *Northup* v. *The Pilot*, 6 Or. 298, the court say: "The hull of a boat, without the other parts necessary to its use, is not a boat, within the meaning of the statute, to which the lien created by the statute could attach."

Again: "It must be a boat or vessel used in navigating the waters of the state, and evidently must be such a boat as is complete and capable of being used in the business of carrying freight or passengers, and one which would be subject to commercial regulations."

Opinion of the Court—Lord, J.

Upon the facts as presented by this record, we think the instruction was error. It assumes that the facts show that the property transferred was a vessel, which it was the province of the jury to determine. The only duty of the court in the premises was to instruct the jury as to what was meant by the term "vessel," as used in this provision of the law, leaving to their judgment to say whether it was a vessel or not.

As the case must be remanded for a new trial, we have indicated our construction of the section.

Judgment reversed, and a new trial ordered.