CAMMEYER *v.* DURHAM HOUSE DRAINAGE Co. *et al.*

*(Circuit Court, N. D. Illinois.*   May 16, 1888.)

REPLEVIN—JUDGMENT—AMENDMENT—RETURN OF PROPERTY.

2 Starr & C. St. Ill. p. 2016, c. 119, § 22, provides that "if the plaintiff in an action of replevin fails to prosecute his suit with effect, or suffers a nonsuit or discontinuance, * * * judgment shall be given for the return of the property and damages for the use thereof from the time it was taken until a return thereof shall be made, unless the plaintiff shall in the mean time have become entitled to the possession of the property, when judgment may be given against him for costs and damages," etc. *Held* where. upon the case being called for trial, plaintiff dismissed the suit, and the usual order was entered simply adjudging that the cause be dismissed, and that defendant recover his costs and have execution therefor, that the court had no power, after two full statute terms had passed, to enter judgment for a return of the property.

At Law.   On motion to amend judgment.

*J. E. Sleeper,* for the motion.

*Mr. Defrees, contra.*

BLODGETT, J.   This was an action of replevin commenced in this court for a quantity of iron pipe, etc.   The plaintiffs gave the usual bond to the marshal, conditioned for the due prosecution of the suit and return of the property, if return should be awarded; and the writ was duly executed by taking the property from the possession of the defendant and delivering it to the plaintiff.   On the 14th day of April, 1886, when the case was called for trial, the plaintiff's attorney dismissed the case, and the usual order was entered when a plaintiff dismisses his own case, simply adjudging that the cause be dismissed, and that defendant recover his costs from the plaintiff, and that he have execution therefor.   The Illinois statute provides (chapter 119, § 22:[1])

"If the plaintiff in an action of replevin fails to prosecute his suit with effect, or suffers a nonsuit or discontinuance, or if the right of property is adjudged against him, judgment shall be given for the return of the property, and damages for the use thereof from the time it was taken until a return thereof shall be made, unless the plaintiff shall in the mean time have become entitled to the possession of the property, when judgment may be given against him for costs and damages.   *   *   *"

No judgment for a return of the property was rendered, and the defendant now comes and moves the court for such judgment, and a writ of *retorno habendo,* on notice duly served on the attorneys who brought the suit.   The attorneys so served protest that they are no longer attorneys in the case, and submit that inasmuch as two full statute terms have passed since the judgment of dismissal was entered, the court has lost control of the record, and cannot now make any substantial change in it, or render a judgment for return of the property.

The case seems to be fully covered by the case of *Lill v. Stookey,* 72

[1] 2 Starr & C. St. Ill. p. 2016.

Ill. 495, where a cause was dismissed on the defendant's motion because no declaration had been filed by the first day of the second term, the court awarding to defendant a judgment for costs, but giving no judgment for return of the property. About two years thereafter, and after the lapse of the term at which the cause was dismissed, defendant moved to amend the judgment, as is done in this case, by the addition of a judgment for return of the property. Such motion was allowed, and on appeal the supreme court reversed the action of the court, holding that the court had no supervisory power over the judgment after the expiration of the term at which it was rendered; that the amendment made was a matter of substance, and not a mere matter of form; and that although the court on the dismissal of the case had the right to render a judgment for return of the property, it by no means followed that it could several years afterwards review its own judgment and enter the judgment that should have been entered in the first instance. And to the same effect are *Troutman* v. *Hills*, 5 Bradw. 396; *Becker* v. *Sauter*, 89 Ill. 596; *Jones* v. *Randolph*, 104 U. S. 110; *Linder* v. *Lewis*, 1 Fed. Rep. 378. The statute, it will be seen, provides for just such a judgment as was entered in this case, if it shall appear that the plaintiff since the commencement of the suit has become entitled to the possession of the property in question; and, in the absence of proof to the contrary, the court will presume that the judgment was in accordance with the proof before the court. But even if proof was now offered showing conclusively that at the time the judgment of dismissal was entered there was nothing before the court which would authorize the court to deny the judgment for return of the property, such proof could not now be heard, as that would be in effect correcting the error of the court after the term had closed. The motion must be overruled.