Argued March 5; decided April 13, 1896.

## STATE *v.* HATCHER.

[44 Pac. 584.]

| 29 | 309 |
| a32 | 67 |
| a32 | 82 |
| 29 | 309 |
| f33 | 527 |
| 29 | 309 |
| f35 | 392 |
| 29 | 309 |
| 37 | 571 |
| 29 | 309 |
| 39 | 485 |
| 29 | 309 |
| 42 | 287 |

1. STATEMENT AT PRELIMINARY EXAMINATION — EVIDENCE— CODE, § 1594. — To render admissible in evidence on a criminal prosecution the preliminary statement made by the accused before the committing magistrate, it must affirmatively appear that before making such statement he was informed of his right to keep silent, and this is not shown by a recital of the magistrate in his record that "defendant was informed of his right to make a statement, and proceeded as follows."

2. AUTHENTICATION OF STATEMENT BY ACCUSED — CODE, § 1598, SUBDIVISION 4.— A statement made by one accused of crime on his preliminary examination, which is not signed and certified by the magistrate before whom it was made, as required by Hill's Code, § 1598, subdivision 4, is inadmissible on the trial over the objection of accused.

3. HARMLESS ERROR.— Error in admitting a preliminary statement made by the accused on a criminal prosecution is cured where he subsequently testifies to the same state of facts set forth therein: *State ex rel.* v. *Kraft,* 20 Or. 28, cited and approved.

4. IMPROPER REMARKS OF COUNSEL — WITNESSES — CODE, § 1366.— An argument by the prosecuting attorney on a prosecution for homicide allowed over the objection of the accused, to the effect that failure to call the wife of the accused, who was present at the homicide, was proof of the fact that she would have testified adversely to him if called, constitutes reversible error, since the wife cannot, under

Hill's Code, § 1366, be compelled to become a witness for her husband, and the record is silent as to whether she had given her consent thereto.

5. PROVINCE OF JURY — CODE, § 200.— An instruction on a criminal prosecution, which assumes as proved matters as to which the evidence is in conflict, is erroneous, (Hill's Code, § 200,) and the error is not cured by a general instruction that the jury are exclusive judges of all facts, and that the state must establish all the allegations of the indictment beyond a reasonable doubt: *Yarnberg* v. *Watson*, 13 Or. 11, cited and approved.

From Coos: J. C. FULLERTON, Judge.

The defendant, W. A. Hatcher, was indicted for the crime of manslaughter, alleged to have been committed in the killing of one Frank H. Blair, and upon conviction thereof was sentenced to the penitentiary for the term of one year. From this judgment he appeals.          .          REVERSED.

For appellant there was a brief and an oral argument by *Messrs. William R. Willis* and *Andrew M. Crawford.*

For the state there was a brief by *Messrs. Cicero M. Idleman,* attorney-general, and *George M. Brown,* district attorney, with an oral argument by *Mr. Idleman.*          .

Opinion by MR. JUSTICE MOORE.

1. It is considered by counsel for the defendant that the court erred in admitting in evidence, over their objection and exception, a written statement made by him at his preliminary examination, purporting to detail the manner in which the deceased was killed; while counsel for the state maintain that

the defendant having at the trial testified to the same state of facts embraced in the statement, the error, if any, was not prejudicial. The introductory statement by the magistrate that "Defendant was informed of his right to make a statement, and proceeded as follows," would seem to imply that he was not informed of his right to waive making a statement, and that such waiver could not be used against him. The statute, (Hill's Code, § 1594,) provides that "When the examination of the witnesses on the part of the state is closed, the magistrate must inform the defendant that it is his right to make a statement in relation to the charge against him; that the statement is designed to enable him, if he sees fit, to answer the charge, and explain the facts alleged against him; that he is at liberty to waive making a statement, and that his waiver cannot be used against him on the trial." The defendant not having been notified of this last clause by the magistrate, may have understood, when informed of his right to make a statement, that it was incumbent on him to make one, and that in doing so he was obeying a legal mandate, and not making a voluntary statement. The right to waive making such a statement implies that if one be made it is voluntary, and, therefore, admissible in evidence, but it cannot be regarded as being voluntarily made unless it appears that the accused was informed by the magistrate of his right to waive it, for if he made the statement under the belief that it was required of him by the magistrate it is inadmissible against him: *State* v. *O'Brien* (Mont.), 43 Pac. 1091. There

is nothing in the record to show that the statement was voluntarily made by the defendant, and hence it could not be admitted in evidence over his objection.

.  2.  It was also inadmissible for another reason. Subdivision 4 of section 1598, Hill's Code of Oregon, provides that the statement when voluntarily made must be signed and certified to by the magistrate.  There is no certificate appended to the statement in question, nor is it signed by the magistrate, except that his name appears thereon as a witness in attestation of the defendant's mark used for his signature.  The statute having provided the manner in which the statement must be authenticated, would seem to exclude oral evidence in aid of a faulty execution, or to supply the necessary certificate.  If the statement was voluntary, the magistrate's certificate showing that fact, when duly signed by him, would render it admissible in evidence without any other proof of its authenticity, and this being so, it follows that without such certificate and signature it is inadmissible.

3.  The next question is whether the admission of this incompetent evidence was an injury affecting the substantial rights of the defendant.  "The admission of incompetent testimony," says Mr. Thompson in his work. on Trials, (Vol. I, § 707,) "will not, in many cases, avail to work a reversal of a judgment, as, for instance, where such testimony relates to a question which is not in dispute, and consequently could have had no influence on

the result, or where the finding must have been the same on the evidence had the incompetent evidence been excluded." In criminal cases, however, unless the record conclusively shows that the error in the admission of incompetent evidence was not prejudicial to the party objecting, the judgment should be reversed: *Coleman* v. *People*, 58 N. Y. 555. Tested by this rule the defendant could not have been prejudiced by the admission of the statement complained of, for he testified to the same state of facts on the trial, and was corroborated by witnesses for the state with whom he had conversed concerning the matter. There being no dispute about the facts detailed in the statement, the error was harmless and could not have injured the defendant: *State ex rel.* v. *Kraft*, 20 Or. 28 (23 Pac. 663).

4. It is contended that the court erred in permitting the prosecuting attorney, in his closing argument, to comment upon the effect of the probable testimony of the defendant's wife if called as a witness, and the failure of the defendant to produce her. The record discloses that the defendant's counsel, in their argument to the jury, maintained that the deceased was killed while attempting to commit a forcible felony on the defendant's wife. The district attorney, replying thereto, said, in substance, "There were but three persons present at the tragedy — the defendant, his wife, and the deceased; that the voice of the deceased was hushed in death; that the state could not call Mrs. Hatcher as a witness,

and that it was in the power of the defendant to have produced her; that she could have told all about the affair; and that if present her testimony would have been .adverse to the defendant, otherwise he would have secured her attendance, but failing to do so is proof that her testimony would have been against the defendant." The defendant's counsel objected to this language for the reason that the absence of the defendant's wife was no evidence of his guilt, but the objection having been overruled, an exception was allowed. As an excuse for the use of the language complained of it is insisted that it was provoked by the argument of the defendant's counsel in which they claimed that the felony attemped by the deceased on the defendant's wife was forcible, which fact was denied by the prosecuting attorney. The privilege of counsel, as the representative of a party, to address the jury upon the evidence introduced at the trial of a cause has become firmly fixed in our jurisprudence. It is the duty of the advocate, as an officer of the court, to present to the jury a word panorama of the facts proven before them, and in doing so he is often liable to paint in too glowing colors the scenes that are most favorable to the party whom he represents, or shade in deepest black those views that seriously affect the adverse party. Having done so, the court, out of a spirit of fairness to each side, often permits the opposing counsel to answer such an argument, which he frequently does by shifting the scenes, hoping thereby to be able to obliterate or distort the picture so presented, and exhibit to the

jury an entirely different view of the evidence. In
this the party whose counsel provoked the reply can
find no just cause of complaint. Mr. Elliott, in his
work on Appellate Procedure, § 672, speaking on this
subject, says: "Where the opposite counsel provokes
the misconduct of his adversary, and opens the door
to improper argument, he cannot, as a general rule,
successfully complain of the error which he himself
invited." This rule, however, can be invoked only
in favor of an argument based on the facts intro-
duced in evidence: 1 Thompson on Trials, § 978;
*State* v. *Abrams*, 11 Or. 169 ( 8 Pac. 327 ). If coun-
sel, in argument, go outside the record and comment
on facts not in evidence, the proper method of cor-
recting the error is by objection to the misconduct,
and an exception to the court's ruling if permitted;
but the misconduct of one party will not authorize
the other to commit a like error. In this case it
clearly appears from the language complained of
that the prosecuting attorney did not predicate his
argument upon any disputed fact, but sought to in-
voke inferences and presumptions of law from the
failure of the defendant to produce his wife as a
witness. Such failure did not tend to show that the
felony attempted by the deceased was not forcible,
and hence the argument cannot be excused or justi-
fied upon the theory that it was provoked by that
of the defendant's counsel. The rule is universal
that it is error to allow an attorney, in argument,
over his adversary's objection, to go outside the evi-
dence and comment on facts assumed to have been
proven, and that an exception to the action of the

court in permitting it will be reviewed on appeal: Elliott on Appellate Procedure, § 672; Proffatt on Jury Trial, § 250. In *Tenny* v. *Mulvaney*, 8 Or. 513, LORD, C. J., in discussing this question, says: " It is held to be the strict duty of the court to arrest an argument not based on evidence. And if objection be made to this course of argument, it is error for the court to permit it, and a new trial will be granted." It has been held, however, that no error could be predicated upon an objection to such misconduct unless the court was requested to rule thereon: *State* v. *Lee Ping Bow*, 10 Or. 27; *State* v. *Anderson*, 10 Or. 448; *State* v. *Drake*, 11 Or. 396 ( 4 Pac. 1204); *State* v. *Abrams*, 11 Or. 169 ( 8 Pac. 327)

All the authorities agree that it is within the discretion of the trial court to supervise the argument of counsel, to limit its duration, and to say what comments upon the facts introduced in evidence shall be permitted or prohibited, and it is only when this discretion is abused that appellate courts will interfere, but there is an irreconcilable conflict of judicial opinion as to what constitutes an abuse of such discretion. In *Mercer* v. *State*, 17 Texas App. 452, the prosecuting attorney maintained in argument that it was within the power of the defendant to produce his wife as a witness in his behalf, while the state was powerless to call her as a witness against him, and that the defendant's failure to produce his wife as a witness was corroborative of the incriminating evidence appearing against him. An objection to this language having been made and an exception allowed, it was held

on appeal that the defendant's wife having been within reach of the process of the lower court, the prosecuting attorney was justified in the use of the remarks complained of, and that the court did not err in relation thereto. In *Long* v. *State*, 56 Ind. 182, (26 Am. Rep. 19,) the defendant having failed to testify in his own behalf, counsel for the state, in making the closing argument, said: "It is true, gentlemen of the jury, the evidence in this case is not as clear as it might be. There were but two parties to this transaction. You have heard the evidence of one of them. We would have been pleased to have heard from the other, to see what light he could have thrown upon this transaction." An objection to this language having been sustained, the court admonished the counsel that the failure of the defendant to testify in his own behalf was a subject not to be referred to before the jury, and also instructed the jury that they should pay no attention to what had been said concerning it. The defendant having been convicted, appealed, and the court, in reversing the judgment, held that a violation of the statute which provided that the failure of a defendant, in a criminal action, to testify should not be the subject of comment before the jury, was not cured by an instruction to disregard the improper language of counsel. In *State* v. *Degonia*, 69 Mo. 485, the prosecuting attorney, in his closing argument, commented on the fact that the defendant had not called as witnesses his two brothers, who had been indicted as accessories, but the court having promptly rebuked the counsel and

commanded him to keep within the record, it was held on appeal that the error was cured. It will thus be seen that the courts are not in harmony upon the question of the proper method of correcting the error caused by the misconduct of counsel in the argument of a cause. If the rule announced in *Mercer* v. *Stanton*, 17 Texas App. 452, is to prevail, and such argument as there used is permissible, the remarks of the prosecuting attorney in the case at bar were improper for two reasons,— *first*, the record fails to disclose that the defendant's wife was at the time of the trial within the reach of the process of the court; and, *second*, it is also silent as to whether she had consented to become a witness for her husband, for without such consent upon her part she could not be compelled to testify: Section 1366, Hill's Code. In criminal actions the accused shall, at his own request, but not otherwise, be deemed a competent witness, provided his waiver of said right shall not create any presumption against him, but when he offers himself as a witness he becomes subject to the ordinary rules of cross-examination: Section 1365, Hill's Code; *State* v. *Abrams*, 11 Or. 169 (8 Pac. 327). If no presumption of the defendant's guilt can be invoked by reason of his failure to testify in his own behalf, how can such a presumption be created by his failure to produce his wife as a witness when she cannot be compelled to testify without her consent? If the defendant in a criminal action, by becoming a witness in his own behalf, thereby consents to his wife's testimony, and is obliged to

produce her to rebut an alleged presumption of his guilt, what an anomalous position he would be placed in if, after having called her as a witness, she should refuse to testify for him. Her refusal in such case would doubtless be construed by the jury as evidence of her knowledge of his guilt, when, perhaps, her real motive for refusing to testify was to secure his conviction of a felony for a selfish purpose, and thus make her silence serve the purpose of the incriminating evidence which she is prohibited by statute from giving. The case of *Mercer* v. *State*, 17 Texas App. 452, is not in point, for no such presumption or inference as the prosecuting attorney sought to apply can be indulged in under a statute like ours, and it was error to permit his argument to go to the jury under the sanction of the court.

5. It is also contended that the court erred in its instructions to the jury. We shall not attempt to quote the instruction complained of, but deem it sufficient to say that in our judgment it trenches upon the province of the jury in assuming to state the facts given in evidence at the trial, some of which are in dispute. The statute provides that "In charging the jury, the court shall state to them all matters of law which it thinks necessary for their information in giving their verdict, but it shall not present the facts of the case, but shall inform the jury that they are the exclusive judges of all questions of fact": Section 200, Hill's Code. The court very properly instructed the jury that they

were the exclusive judges of all the questions of fact put in issue by the defendant's plea, and that the burden was on the state to establish the allegations of the indictment beyond a reasonable doubt, but such a general instruction cannot correct a violation of the statutory prohibition. An instruction that assumes the existence of a fact which should be left to the jury for ascertainment is erroneous: *Yarnberg* v. *Watson*, 13 Or. 11 (4 Pac. 296). It follows that the judgment is reversed, and a new trial ordered.                                    REVERSED.