Argued 17 October; decided 30 October, 1899.

## STATE *v.* ANDREWS.

[58 Pac. 765.]

1. INDORSING WITNESSES' NAMES ON INDICTMENT—GRAND JURY.—Where an indictment is set aside, and the case resubmitted to the same grand jury, a subsequent indictment found under such resubmission must contain the names of the witnesses examined when the first indictment was found, as well as the names of those examined when the second one was found: *State* v. *Pool*, 20 Or. 150, applied.

2. STATEMENT AT PRELIMINARY EXAMINATION—CONFESSIONS.—Statements in the nature of a confession, made by defendant, at the preliminary examination before a committing magistrate without being advised or cautioned as to his legal rights, were not voluntarily made, and hence are inadmissible against him: *State* v. *Hatcher*, 29 Or. 309, followed.

3. INSTRUCTION.—In a prosecution for exhibiting obscene pictures, evidence was introduced showing that a tobacco store at a certain place was known as defendant's. It was established that at the time the pictures were alleged to have been exhibited defendant was at another place. The court charged that if defendant and some other person or persons were partners in the control of a place of business where obscene pictures were shown "in the regular course of such business," then all the persons so owning said place or business would

be guilty of the offense charged.  *Held,* that the instruction was erroneous, (1) because it assumed that the pictures were exhibited in the "regular course of business," while the exhibition of obscene pictures is a crime, and hence the exhibition could not have been in the regular course of business; and (2) because it assumes that, if defendant was a partner in said store, he had knowledge of and acquiesced in the exhibition complained of, though he was absent at the time.\*

From Wasco :   W. L. BRADSHAW, Judge.

Jake Andrews felt aggrieved at being convicted of exhibiting obscene pictures, and appeals.       REVERSED.

For appellant there was a brief and an oral argument by *Messrs. Bela S. Huntington, W. H. Wilson,* and *F. W. Wilson.*

For the state there was a brief over the name of *A. A. Jayne,* District Attorney, with an oral argument by *Mr. D. R. N. Blackburn,* Attorney-General.

MR. JUSTICE MOORE delivered the opinion of the court.

1.   The defendant was indicted and tried for the crime of exhibiting obscene pictures, and, having been convicted, was sentenced to pay a fine of $500, from which judgment he appeals, assigning as error the action of the court in denying his motion to set aside the indictment on the ground that it did not contain the names of all the witnesses examined before the grand jury.   The transcript shows that the court sustained a demurrer to the first indictment charging the defendant with the commission of said offense, upon which were indorsed the names of twelve witnesses examined before the grand jury, and ordered the case resubmitted, whereupon the same grand jury returned the indictment involved in this appeal, indorsing thereon the names of two witnesses

---

\*NOTE.—See *State* v. *Doty,* 64 Am. Dec. 205, and *People* v. *Ketchum,* 50 Am. St. Rep. 383, 27 L. R. A. 448.  An extended analytical note on this subject is published in 24 L. R. A. 110.—REPORTER.

only. It is maintained by counsel for the state that when an indictment is set aside, and the case resubmitted to the grand jury, a subsequent indictment, found in pursuance of such resubmission, is a new proceeding entirely, and hence it is necessary to indorse thereon the names of the witnesses only who were examined after the resubmission. The statute requires that when an indictment is found the names of the witnesses examined before the grand jury must be inserted at the foot of the indictment, or indorsed thereon, before it is presented to the court : Hill's Ann. Laws, § 1260. And when the names of such witnesses are not so indorsed or inserted, the court must, upon motion of the defendant, if made at the proper time, set the indictment aside : Hill's Ann. Laws, § 1314 ; *State* v. *Smith*, 33 Or. 483 (55 Pac. 534). Whether the submission of the case to another grand jury after the indictment is set aside is a new proceeding in which the names of the witnesses examined before the former jury should be indorsed upon the indictment is a question the determination of which is not necessary to a decision of the case at bar. The case having been resubmitted to the same grand jury, they must have retained in their memory the substance of the evidence theretofore given before them, and might possibly have found another indictment without calling a single witness. If this be true, it would necessarily follow, from the principle contended for by the state, that the indorsement of the names of witnesses upon the indictment might be entirely dispensed with, and the provision of the statute thus evaded. The manifest object of the requirement is to inform the defendant upon whose testimony the state chiefly relies for a conviction, so that he may know what evidence he may reasonably expect to be given against him.. The statute, being designed to enable a person accused of the commission of a crime to prepare for his defense, should

be liberally construed in his favor, and, this being so, the requirement to indorse upon the indictment, before it is presented to the court, the names of the witnesses examined before the grand jury is mandatory, and the court erred in refusing to set aside the indictment : *State* v. *Pool*, 20 Or. 150 (25 Pac. 375); *Stevens* v. *State*, 19 Neb. 647 (28 N. W. 304) ; *Parks* v. *State*, 20 Neb. 515 (31 N. W. 5); *State* v. *Stevens*, 1 S. D. 480 (47 N. W. 546).

2. In view of another trial, it becomes important to consider some of the alleged errors which may be avoided thereat. Evidence was introduced at the trial which tended to show that the pictures alleged to have been exhibited by the defendant were contained in a nickel-in-the-slot machine. The court, over defendant's objection and exception, permitted evidence to be offered of what he said at his preliminary examination before the justice of the peace, tending to show his ownership of said pictures, without it being shown that he was cautioned as to his legal rights, or that such statements were voluntary. The organic law of the state provides that no person shall be compelled in any criminal prosecution to testify against himself (Const. Or. Art. I, § 12) ; and our court, giving to this clause the liberal construction to which it is entitled, has held that, before the confessions of a defendant can be received in evidence in a criminal action, it must appear that they were voluntarily made : *State* v. *Moran*, 15 Or. 262 (14 Pac. 419). The transcript shows that the defendant is an Indian, unused to judicial proceedings, who, in charge of an officer, was present before the justice of the peace for examination on a criminal charge ; and when the complaint was read, in the absence of his attorney, made statements which might tend to incriminate him. The crime with which he was charged was not within the jurisdiction of the justice's court (Hill's Ann. Laws, §

1870), which was powerless to do more than order him
to be held to answer the charge (Hill's Ann. Laws, §
1608). The defendant could have made a written state-
ment in that court in explanation of the facts alleged
against him, but before he could be bound thereby it
must have appeared that he was informed of his rights
by the magistrate : Hill's Ann. Laws, §§ 1594, 1598;
*State* v. *Hatcher*, 29 Or. 309 (44 Pac. 584). The justice's
court having no authority to try the defendant for the
crime charged, his statements cannot be deemed a plea
of guilty ; nor are they in the nature of voluntary decla-
rations against interest, made to an officer or person con-
cerning the offense. But such statements were equiv-
alent to testimony extorted from him when a prisoner at
his preliminary examination. His situation rendered
what he might then say concerning his guilt in the
nature of a confession, and, there being no evidence that
he was advised of his rights, or cautioned that any state-
ment he should make might be urged against him in his
subsequent trial, such confession was not voluntarily
made, and the court erred in admitting it in evidence :
1 Greenleaf, Ev. § 225 ; 3 Rice, Ev. p. 356 ; *State* v.
*Young*, 119 Mo. 495 (24 S. W. 1038) ; *Lancaster* v. *State*
(Tex. Cr. App.), 31 S. W. 515 ; *Bradford* v. *State*, 104
Ala. 68 (16 South. 107).

3. Evidence was introduced at the trial which tended
to show that a tobacco store at The Dalles was known as
"Jake Andrews'," and it was established that at the time
said pictures were alleged to have been exhibited defend-
ant was in the City of Portland. Based upon this evi-
dence the court gave to the jury the following instruc-
tion : "And if you find from the evidence in this case
beyond a reasonable doubt that the defendant, Jake An-
drews, and some other person or persons were partners
in the ownership, management, or control of a place of

business in this county and state, where obscene pictures were shown or exhibited in the regular course of such business, then all the persons so owning said place or business will be guilty of the offense charged in the indictment, and liable to punishment therefor, together or separately," to which the defendant duly excepted.   An examination of this language will show that the court assumed that said pictures were exhibited in "the regular course of business," and the only question left to the jury was whether the defendant was a partner in the ownership, management, or control of the place of business.   The exhibition of obscene pictures was a crime at common law (*Commonwealth* v. *Sharpless*, 2 Serg. & R. 91, 7 Am. Dec. 632), and such publication is prohibited by our statute (Hill's Ann. Laws, § 1870), and hence the exhibition could not have been in the regular course of business.   The court also assumed, in the absence of any legal evidence, that, if defendant was a partner in said store, though he was absent at the time, he had knowledge of and acquiesced in the exhibition complained of. This instruction is erroneous in these respects.   It follows from the foregoing that the judgment must be reversed, and the cause remanded for such further proceedings as may be necessary, not inconsistent with this opinion.                                        REVERSED.