DOLAN v. UNITED STATES.

(Circuit Court of Appeals, Ninth Circuit. June 6, 1902.)

No. 753.

1. JURORS—ORDER OF CHALLENGE.
   On a trial under an indictment it is not error for the court to require
   the defendant to exhaust all grounds of challenge to each juror, both
   for cause and peremptory, as he is called, before the prosecution is
   called upon to challenge, and before another juror is called into the box.

2. SAME—ACTUAL BIAS—DISCRETION.
   Defendant and two others were jointly indicted for robbery. At
   separate trials each of the others was convicted before defendant was
   tried. He challenged four jurors for bias, each of whom testified that
   he had read the published testimony given at the trials of the other two,
   or heard the testimony, and had heard it talked about, and formed an
   opinion as to the guilt of the others and of defendant, and that it would
   require evidence to remove such opinion, but that he could decide the
   case impartially on the evidence produced at the trial, uninfluenced by
   such former opinion. Cr. Code Alaska, tit. 2, c. 14, § 127 (30 Stat. 1298),
   provides that on the trial of a challenge for actual bias, although it
   should appear that the juror has formed an opinion on the merits of the
   cause from what he has heard or read, such opinion shall not of itself
   be sufficient to sustain the challenge, but the court must be satisfied
   from all the circumstances that the juror cannot disregard such opinion
   and try the issue impartially. Held, that it does not appear that the
   court failed to exercise a proper legal discretion in overruling the chal-
   lenges.

   Ross, Circuit Judge, dissenting.

In Error to the District Court of the United States for the Second
Division of the District of Alaska.

John B. Allen and James E. Fenton, for plaintiff in error.
Joseph K. Wood, U. S. Atty. Second Division, D. Alaska (Marshall
B. Woodworth, U. S. Atty. N. D. Cal., of counsel).

Before GILBERT, ROSS, and MORROW, Circuit Judges.

MORROW, Circuit Judge. The plaintiff in error, together with
George Allen and George Hawkins, were jointly charged with the
crime of robbery in an indictment filed in the district court of Alaska,
Second division, on the 23d day of January, 1901. The defendants
were each tried separately. The trial of the defendant Allen was com-
menced before the court and a jury on February 11, 1901, and resulted
in a verdict of guilty being returned by the jury on February 15, 1901.
The trial of the defendant Hawkins was commenced before the court
and a jury on February 18, 1901, and resulted in a verdict of guilty
being returned by the jury on February 21, 1901. The trial of the de-
fendant in this case was commenced on February 26, 1901, and resulted
in a verdict of guilty being returned by the jury on February 28, 1901.
In forming the jury for the trial of the present cause, as each juror
was called into the box the defendant was required to exhaust all
grounds of challenge to the juror, both for cause and peremptorily,

¶ 1. See Jury, vol. 31, Cent. Dig. §§ 498, 499, 625.

before the prosecution was called upon to challenge, and before another juror was called into the box. The court in each instance required the defendant in this order to exercise his peremptory challenge or accept the juror, or, upon failure to do so, to waive his right to thereafter exercise his right to a peremptory challenge. Under the ruling of the court, but under protest, the defendant exercised his right to all of his 10 peremptory challenges, and, after 12 men were in the jury box, he requested the court to be permitted to challenge another juror. This request was denied. The defendant also interposed challenges for actual bias against four jurors called to the box for examination. These jurors were afterwards challenged peremptorily by the defendant, and they did not serve upon the jury that tried the case. The action of the court in directing the order in which the defendant might exercise his peremptory challenges and in overruling his challenges for actual bias are assigned as error. Exceptions were also taken to certain instructions which the court gave in submitting the case to the jury. These instructions are assigned as error.

In the case of Hawkins v. U. S. (just decided by this court) 116 Fed. 569, we have disposed of all the questions raised by the defendant in the present case with respect to the order in which he should exercise his right to peremptory challenges. After the defendant had challenged 10 jurors peremptorily, his request to challenge another juror peremptorily was denied by the court. There was nothing in the proceedings that entitled the defendant to the additional challenge, unless there was error in disallowing a previous challenge for bias. The four jurors challenged for actual bias were afterwards challenged peremptorily, and excused from the jury. But these four peremptory challenges, together with six others, exhausted all the defendant's peremptory challenges allowed by law, and deprived him of the right to challenge peremptorily the twelfth juror sworn to try the case. If this action of the court compelled the defendant to exercise a peremptory challenge for which no reason was required to be given to exclude a juror against whom a valid reason had been given and denied by the court, the defendant was clearly thereby deprived of a substantial legal right, namely, the right to the full number of peremptory challenges provided by law. The accused has the right to secure an impartial jury—First, by excluding from the box all whom he can prove to be legally disqualified; and, second, a certain number, provided by law, whom he may suspect of being unfriendly, or not impartial, but against whom he can bring no proof of disqualification. This right of rejection given to the accused cannot be diminished or refused in either particular without depriving him of a substantial legal right. Were the four jurors challenged for actual bias qualified, under the statute, to try the case? H. O. Butler was the first juror challenged for actual bias. He testified as follows:

"That he knew the nature of the case against the defendant Thomas Dolan; that he did not hear the testimony in the case of United States against George Allen and George Hawkins; that he had read an account of the case in the newspapers; that from what he had read he formed an opinion as to the guilt or innocence of the persons charged with the crime stated in the indictment; that from what he had read he formed a fixed and decided opinion as to the guilt or innocence of the accused Thomas Dolan

as would require evidence to change and remove; that the opinion that he had formed was not such an opinion that he could not disregard when he went into the jury box, if he was accepted as a juror, to try the case upon the evidence; that he thought that he could wholly disregard the opinion which he had formed, and try the defendant Thomas Dolan according to the evidence as adduced upon the trial, and under the instructions of the court; but that the opinion which he had formed was such an opinion that would require some evidence to change."

And in response to questions propounded by the district attorney, he testified:

"That he had never heard any of the evidence in this case, and did not know what the evidence was, except from reading what purported to be the evidence in the case of the United States v. George Allen, and that he did not know whether that was the evidence given on the trial of George Allen or not; that he had heard the case talked about upon the street, and that the opinion which he had formed was formed from rumor and from newspaper accounts; that he thought he could, if sworn and accepted as a juror in this case, disregard the opinion which he had formed, and set it aside, and try the case fairly and impartially, and wholly and solely upon the evidence that should be given by the witness, and according to the instructions of the court."

Clyde Hatch was the second juror challenged for actual bias. He testified as follows:

"That he was working for the A. C. Company, and had been in the employ of said company since the 20th of October; that he had not heard the nature of this case stated by anybody; that he was not present during any part of the trial of the United States v. George Allen and George Hawkins; that he had read an account of the case in the newspapers, and from the account that he had read he at the time formed an opinion as to the guilt or innocence of the persons accused of the crime stated in the indictment; that the opinion that he had so formed was not a fixed and decided opinion; that the opinion that he had formed was not based altogether on a newspaper report or account of the trial; that the newspaper report that he read was a report of what purported to be a part of the evidence of the witnesses in the case; that he (at the time of his examination) had an opinion as to the guilt or innocence of the accused Thomas Dolan; that the opinion which he had was based partly upon what purported to be the testimony of witnesses which he had read in newspapers, and partly from what he had heard talked about the case, but that his opinion was based mostly on what he had heard; that he did not hear any of the testimony, and did not know whether what he had read in the newspapers was the testimony; that his opinion was not based on what he had read in the newspapers at all; that he had, at the time of his examination, an opinion as to the guilt or innocence of the accused Thomas Dolan, and that the opinion which he then had would require evidence to change."

In response to questions propounded by the district attorney he then testified:

"That he had not known of his own knowledge any of the facts connected with the case of United States v. Thomas Dolan; that the opinion which he had formed was based upon what he had read in the newspapers, and street rumor,—talking generally; that he thought he could, notwithstanding that he had formed an opinion from listening to street rumor and reading newspapers, go into the jury box, if accepted as a juror in this case, and try the case fairly and impartially, solely upon the testimony of the witnesses that should be given before him on the trial, and under the instructions of the court; that he could disregard any opinion that he might have formed from street rumor, and try the case from hearing the witnesses on the witness stand, and under the instructions given by the court."

W. P. Sinnott was the third juror challenged for actual bias. He testified as follows:

"That he resided in Nome; that he was a miner; that he had heard the nature of this case; that he had read a part of the testimony in the cases of United States v. George Allen and George Hawkins; that he formed an opinion as to the guilt or innocence of the defendants George Allen or George Hawkins; that he did not have, at the time of his examination, any opinion as to the guilt or innocence of the accused Thomas Dolan; that he read nearly all of the accounts of this case in the newspapers; that from what he had read in the newspapers, and from what he had heard of the case, and from the testimony that he had heard in the cases of United States v. George Allen and George Hawkins, he might have a slight opinion as to the guilt or innocence of the accused Thomas Dolan; that the opinion that he might have as to the guilt or innocence of the accused Thomas Dolan was not such an opinion as would in any wise influence him in his deliberations as a juror in this case, if he should be accepted as a juror; that he was satisfied that he would be able to disregard whatever opinion he might have, and try this case according to the evidence and instructions of the court; that the opinion which he had was based partly upon the evidence which he had heard in the cases of the United States v. George Allen and George Hawkins, and partly upon hearsay, and that he thought that it would require some evidence to change the opinion which he had then."

And in response to questions by the district attorney he testified:

"That, if sworn and accepted as a juror in this case, he would disregard any opinion that he might have formed in any way, and try the case fairly and impartially, and solely upon the evidence given in this case and the instructions given by the court, and that he would try the case according to the evidence in the case; that, if he were sworn and accepted as a juror, he would take his place in the panel, and disregard any opinion that he might have formed."

H. C. Wilkinson was the fourth juror challenged for actual bias. He testified as follows:

"That he had heard the nature of this case; that he had heard a part of the testimony in each of the cases of the United States v. George Allen and George Hawkins; that from the testimony he had heard in those cases he formed an opinion as to the guilt or innocence of the accused Thomas Dolan; that at the time of his examination as a juror he then had an opinion as to the guilt or innocence of the accused Thomas Dolan; that the opinion which he then had was based upon the testimony which he had heard and what he had read in the newspapers; that he believed that opinion which he then had was a fixed and decided opinion, and such an opinion as would require evidence to change; that the opinion which he then had was based partially upon the testimony that he had heard and partially what he had read in the newspapers."

In response to questions by the district attorney he testified further:

"That he had heard some of the testimony in both cases of the United States v. George Allen and George Hawkins; that he formed an opinion as to the guilt or innocence of George Allen and George Hawkins, the defendants then on trial; that from what he had heard he then had an opinion as to the guilt or innocence of the defendant Thomas Dolan; that the opinion which he then had was not such an opinion as he could set aside and try this case between the government and Thomas Dolan as he could have if he had never heard of it; that he did not know what the evidence was in the case of United States v. Thomas Dolan; that, if he were sworn and accepted as a juror, he could try this case of the United States v. Thomas Dolan as fairly and impartially as though he had never heard of it; that if he were sworn and accepted as a juror, and called into the panel, he would eliminate any opinion that he might have formed in his mind, and

try this case solely upon the evidence given by the witness in this case, and according to the instructions of the court."

Section 127, c. 14, tit. 2, of the Criminal Code of Alaska, provides as follows:

"That a challenge for actual bias may be taken for the cause mentioned in the second subdivision of section one hundred and twenty-eight (125). But on the trial of such challenge, although it should appear that the juror challenged has formed or expressed an opinion upon the merits of the cause from what he may have heard or read, such opinion shall not of itself be sufficient to sustain the challenge, but the court must be satisfied, from all the circumstances, that the juror cannot disregard such opinion and try the issue impartially." 30 Stat. 1298.

The action of the court in denying challenges for bias interposed by the defendant against these four jurors was founded upon evidence tending to show that they could disregard any opinion they had formed, and try the issues in the case impartially. Besides, the court had an opportunity of observing the manner of these jurors under examination, and determining from their conduct whether their declaration of impartiality was to be believed or not. There is nothing in the proceedings or in the testimony to warrant this court in holding that the court below failed to exercise a proper legal discretion in overruling the challenges. Reynolds v. U. S., 98 U. S. 145, 25 L. Ed. 244; Hopt v. Utah, 120 U. S. 430, 432, 7 Sup. Ct. 614, 30 L. Ed. 708; Spies v. Illinois, 123 U. S. 131, 170, 8 Sup. Ct. 21, 22, 31 L. Ed. 80; Connors v. U. S., 158 U. S. 408, 15 Sup. Ct. 951, 39 L. Ed. 1033; Thiede v. Utah, 159 U. S. 510, 516, 16 Sup. Ct. 62, 40 L. Ed. 237.

The instructions of the court to the jury, taken as a whole, stated the law of the case correctly.

Finding no error in the proceedings, the judgment of the district court is affirmed.

ROSS, Circuit Judge, dissents.