### DOLAN v. UNITED STATES.

(Circuit Court of Appeals, Ninth Circuit. May 25, 1903.)

#### No. 753.

1. CRIMINAL LAW—EVIDENCE—STATEMENT BY THIRD PERSON.

A statement tending to show a conspiracy to commit a crime between the person making it and the persons to whom it was made is not admissible against a third person who was not present, and to whom it is not shown to have been communicated, on his trial for the crime, unless his connection with the conspiracy is affirmatively shown.

2. SAME—INSTRUCTIONS—ASSUMPTION OF FACTS.

It is error for the court in instructing the jury to assume the existence of a fact which it is the province of the jury to determine from the evidence or of one in support of which there was no evidence.

3. JURORS—ACTUAL BIAS—OPINION FOUNDED ON TESTIMONY.

Under a statute providing that an opinion upon the merits of the case, formed or expressed by a juror "from what he may have heard or read," shall not disqualify him unless the court is satisfied that he cannot disregard such opinion and try the case impartially (Pen. Code Alaska, Act March 3, 1899, tit. 2, c. 14, § 127, 30 Stat. 1298, c. 429), the source of the information from which a juror's opinion is derived is an important consideration, and a challenge for bias should be allowed against a juror who has formed or expressed an opinion as to the guilt or innocence of a defendant charged with crime, based upon the testimony of witnesses sworn in court bearing directly on the issue to be tried, notwithstanding his declaration under oath that he could try the case fairly and impartially.

On Rehearing
For former opinion, see 116 Fed. 578, 54 C. C. A. 34.

¶ 3. See Jury, vol. 31, Cent. Dig. §§ 460, 467.

James E. Fenton, W. H. Metson, and W. H. Bard, for plaintiff in error.

Edward J. Banning, Asst. U. S. Atty.

Before GILBERT and ROSS, Circuit Judges, and HAWLEY, District Judge.

HAWLEY, District Judge. For the former opinion in this case see Dolan v. United States, 116 Fed. 578, 54 C. C. A. 34. The court granted a rehearing herein in order that the whole case might be again reviewed. One of the instructions is deserving of a careful consideration. It reads as follows:

"If from the evidence you find that, at the time Wilson Misener made the statement as testified to by Palmer, the defendant Dolan was already in collusion and conspiracy with the defendants Allen and Hawkins, or, as a result of the communication of the statement made by Misener, Dolan joined Allen and Hawkins soon following such statement, and that when said Wilson Misener used the pronoun 'he' in the conversation testified to by Palmer he meant and was understood to mean R. J. Embleton, it is a circumstance you may consider."

In considering this instruction, it must be remembered that the plaintiff in error was jointly indicted with George Allen and George Hawkins for the crime of robbery against the person of one R. J. Embleton; that they were each tried separately and convicted. The record shows that the testimony of Palmer was to the effect that he overheard a conversation in the Grotto Saloon, in Nome, between the defendants Hawkins and Allen and one Wilson Misener. Concerning this testimony, and the substance and relevancy thereof, the following proceedings were had:

"The Court: Q. Who did this conversation take place between? * * * A. This conversation which I heard took place between Misener, Hawkins, and Allen. Mr. Wood (U. S. Attorney): Now, where were they at that time? A. They were in the Grotto Saloon, down towards the lower end of the bar. Q. Tell the jury whether or not at that time they were talking together? A. They were. Mr. Fenton: I think it but fair, your honor, before he repeats this conversation, to ascertain whether or not Dolan was present at the time. I would like to examine him before he goes into this conversation. The Court: You may ask him. Mr. Fenton: Q. * * * Was Dolan there at the time you heard this conversation which you say was addressed to Allen and Hawkins by Misener? * * * A. He was not. That is, I did not see him there at that time. Q. You do not know that Dolan was there, do you? A. I did not see him there at that time. Q. Was he there at the time when this conversation took place, with Misener, Hawkins, and Allen? A. No, sir. * * * The Court: He may answer, and I will say that if it appears not to be admissible I will instruct the jury not to consider it, and they will not consider it. * * * Mr. Wood: Go ahead now, and tell the jury what was said there. A. The conversation took place between two of the defendants (Hawkins and Allen) and Wilson Misener. They were talking together, and Mr. Embleton had been in at the time. Misener says, 'He has got a roll, and I will take him down the street, and you stick me up.' * * * The Court: Q. How long was it before you heard this conversation between Misener, Allen, and Hawkins that you saw Dolan there in the Grotto Saloon? A. Some time before. The Court: Q. How long before, if you can state? A. I could not state; he was in there the forepart of the night."

The court failed to instruct the jury not to consider the testimony of Palmer, but gave in lieu thereof, at the close of the case, the in-

struction complained of. The record shows that objections were made and exceptions taken to all the rulings of the court in relation to this testimony upon the ground that Dolan was not present, and that the testimony was not binding upon Dolan, and did not tend to show a conspiracy, and on the further ground that it was the declaration of a third party, and not of defendant Dolan.

With reference to the testimony that Dolan was in the saloon the forepart of the evening, it must be borne in mind that Embleton came in near midnight, and the robbery did not occur until about 2 o'clock next morning. We are of opinion that, under all the facts and circumstances of this case, this instruction ought not to have been given. The rule is, of course, well settled that where the existence of a conspiracy is affirmatively shown the defendant would be bound by the acts and declarations of his co-conspirators, but the conspiracy must be shown before a defendant can be bound by any declarations not made in his presence. The statement of Misener might have a tendency to show that he had conspired to rob Embleton with the aid and assistance of Allen and Hawkins, but upon what theory it could be applied to Dolan as a circumstance tending to show a conspiracy on his part the record fails to show. We are of opinion that the court invaded the province of the jury in the giving of this instruction, in this: that it assumed as an established fact that Misener made the statement testified to by Palmer instead of leaving this question of fact to be decided by the jury, contrary to the well-settled principles of the law, and in direct opposition to the provisions of section 157 of the Penal Code of Alaska (Act March 3, 1899, tit. 2, c. 15, § 157, 30 Stat. 1302, c. 429). It also assumed as a fact that at the time "Wilson Misener made the statement the defendant Dolan was already in collusion and conspiracy with the defendants Allen and Hawkins." There was no testimony of any previous collusion or conspiracy between Allen and Hawkins and Dolan. It also assumed as an established fact that the statement made by Misener was communicated to Dolan. There is no evidence in the record that any such statement was ever communicated to him.

In State v. Hatcher, 29 Or. 309, 320, 44 Pac. 584, 587, the court, in construing section 200, Hill's Ann. Laws Or. 1892, which is identical with section 191 of the Alaska Code of Civil Procedure (Act June 6, 1900, tit. 2, c. 17, § 191, 31 Stat. 361, c. 786), held that "an instruction that assumes the existence of a fact which should be left to the jury for ascertainment is erroneous. Yarnberg v. Watson, 13 Or. 11 [4 Pac. 296]."

In 11 Ency. Pl. & Pr. 128, it is said that "it is error for the court, in instructing the jury, to assume the existence of facts in support of which there is no evidence. This constitutes a direct perversion of the testimony upon which alone the jury are to render their verdict. The court, as well as the jury, is to consider only the testimony offered in court."

See, also, the numerous authorities there cited, including Jones v. Randolph, 104 U. S. 108, 26 L. Ed. 671; Davis v. Patrick, 122 U. S. 138, 7 Sup. Ct. 1102, 30 L. Ed. 1090; People v. Matthia, 135 Cal. 442, 448, 67 Pac. 694.

The giving of this instruction, in the light of all the circumstances disclosed by the record, was evidently prejudicial to the substantial rights of the defendant, and is of itself sufficient to authorize a new trial. But in relation to one other point relied upon by counsel in the petition for rehearing, it is deemed proper to say that a trial by jury should always be fair and impartial. The jurors selected to try either a civil or criminal case should be free from prejudice or bias. Impressions received or opinions formed or expressed as to the guilt or innocence of a defendant accused of crime, based upon rumor, or from reading newspaper accounts, can, in most instances, be readily removed; and in such cases, where the jurors upon their voir dire testify that they could disregard any opinion that they had thus formed or expressed, and try the issues in the case impartially, the rule laid down in the former opinion, in so far as it applies to such cases, is unquestionably correct. But, if such opinions have been formed or expressed upon the testimony of witnesses duly sworn in a court of justice bearing directly upon the issue to be tried, the trial court should always allow a challenge for bias to such a juror, notwithstanding the fact that such juror declares under oath that he could fairly and impartially try the case, for opinions thus formed cannot so easily be brushed aside. A repetition of the same testimony by the same witness under oath would naturally strengthen the opinions hitherto formed upon the previous trial. In the language of Chief Justice Marshall in United States v. Burr, Fed. Cas. No. 14,692g:

"Such a person may believe that he will be regulated by testimony, but the law suspects him, and certainly not without reason. He will listen with more favor to that testimony which confirms than to that which would change his opinion. It is not to be expected that he will weigh evidence or argument as fairly as a man whose judgment is not made up in the case. It is for this reason that a juror who has once rendered a verdict in a case, or who has been sworn on a jury which has been divided, cannot again be sworn in the same case. He is not suspected of personal prejudices, but he has formed and delivered an opinion, and is therefore deemed unfit to be a juror in the cause."

Trial courts should constantly keep in mind the distinction as to the sources of information from which the opinions of the jurors were derived. Their discretion in the one case of hearsay and newspaper reports can be exercised (subject of course to review), while in the other case they would always be safe in excusing the juror.

Our attention has not been called to any case where the action of the court in refusing a challenge to a juror who has formed and expressed an opinion as to the merits of the case from hearing the sworn testimony of witnesses has been sustained in an appellate court, and, in our opinion, it is a safer and better course, where such opinions are, in part (as well as in whole), formed from the hearing of a portion of the testimony given by a witness under oath, to allow the challenge.

The judgment of the district court is reversed, and the cause remanded for a new trial.