## UNITED STATES v. CARLIN et al.

### No. 80.

Circuit Court of Appeals, Second Circuit.

Nov. 1, 1937.

Samuel Brodsky, of Brooklyn, N. Y. (J. Bertram Wegman and Jesse Climenko, both of New York City, on the brief), for appellant.

Leo J. Hickey, U. S. Atty., of Brooklyn, N. Y. (Vine H. Smith and Frank J. Parker, Asst. U. S. Attys., both of Brooklyn, N. Y., of counsel), for the United States.

Before MANTON, SWAN, and CHASE, Circuit Judges.

MANTON, Circuit Judge.

Police officers of the City of New York on October 31, 1936, entered the two-story garage building known as 1531 Gates avenue, borough of Brooklyn, New York City, in response to information they had that there was a fire hazard on the premises. One of them said he detected the odor of fermenting mash at the garage door. They forced the front door of the garage and found nothing, but observed another door leading through the rear brick wall of the garage into the yard. This door was locked in such a way that one could pass into the garage from the yard, but could only get from the garage to the yard by using a key. The officers forced this door and went into the yard. The yard was 12 by 15 feet in size, and irregular in shape. It was also the yard for a three-story tenement building at 1524 Myrtle avenue, which was around the corner from the garage and adjacent to it in the rear. The officers went through the yard and down some steps into the cellar of the tenement building. They also discovered a brick partition, occupying part of the common yard, which formed another compartment between the tenement and the garage. The partition building was connected with a former tool room of the garage, which

had been bricked up and sealed so as to separate it from the garage proper. In the partition building there was a 500-gallon copper still pot in full operation, with a still column from the still pot extending up through an opening in the floor. At the rear of the partition building there was an opening into the old bricked-off tool room, in which was found a receiving tank and some cans with alcohol. There were some vats of fermenting mash in the cellar proper of the tenement building.

The appellant was the lessee of the garage at 1531 Gates avenue which abutted the Myrtle avenue premises in which the distilling apparatus was found. Both were owned by the wife of the defendant Carlin. There was received in evidence a lease executed June 1, 1936 of 1524 Myrtle avenue to Joseph Rubino, not named in the indictment, and it provided that the "lessee is to have the right of ingress and egress to and from the garage located at 1531 Gates Avenue."

Appellant had occupied this garage since February, 1935, and had it under lease from June 1, 1935, to May 1, 1937, at a rental of $20 a month. It was shown that access to the cellar and the still was available through a door in the street in front of 1524 Myrtle avenue, through a stairway in a store in that building and through a stairway in the yard. In order to reach the still through appellant's garage, it was necessary to enter the yard. There was no evidence of the use of appellant's garage in connection with the still, and it was established that the only means of access to the yard through the garage was effectively closed. There was testimony that the electric meter in appellant's garage had been tapped or jumped to supply current to the still.

Upon arrest, the appellant signed a statement, in substance, denying knowledge of the still or his connection with the offense charged; that he had been employed as a gas station helper far removed from the premises, where he labored ten or twelve hours a day. He had a motorcycle club as a subtenant in the garage and gave instructions in motorcycling, having policemen as some of his pupils. There was no evidence connecting the appellant with the possession, control, or operation of the still.

■ There can be no charge of aiding and abetting in the possession, control, or operation of the still unless there is some evidence of co-operation. Cardinal v. United States (C.C.A.) 50 F.(2d) 166, 170. And there is no proof of appellant's knowledge that the law was being violated in a neighboring building. The sole fact that it was did not make him an aider and abettor. United States v. Stappenback (C.C.A.) 61 F.(2d) 955; Reynolds v. United States, 282 F. 256 (C.C.A.6).

■ There was no charge of conspiracy with Carlin, and any knowledge or act of Carlin was not binding or incriminating as against appellant. Dolan v. United States (C.C.A.) 123 F. 52; Stager v. United States (C.C.A.) 233 F. 510.

Judgment reversed.