JABEZ W. WARD

*v.*

THE CHICAGO AND NORTHWESTERN RAILWAY COMPANY.

*Filed at Ottawa November 23, 1896—Rehearing denied March 12, 1897.*

1. NEGLIGENCE—*the question of negligence arising upon conflicting evidence is for the jury.* Where the question of negligence arises upon such a state of facts that reasonable men might fairly arrive at different conclusions, the fact of negligence cannot be determined until one of these conclusions has been drawn by a jury.

2. CARRIERS—*railroad must use due care in stopping coach at platform.* A railroad company, having provided its stations with platforms, must use due care in stopping its coaches so as to afford passengers an opportunity to safely alight thereon, particularly after its servants have announced that the next stop would be at a station.

3. SAME—*when passenger may recover for injury received in alighting from train.* A railroad passenger who is justified by the conduct of the servants of the road in alighting from a train, and who, while exercising due care, is injured by reason of the carrier's negligence in omitting to provide a safe place to alight, may recover for the injuries so received.

4. SAME—*what duties a carrier does not owe to passenger.* As an independent proposition of law a carrier owes no duty to a passenger to keep the vestibule doors of its coaches closed, or the vestibules lighted, or its grounds away from a station lighted and free from obstructions.

*Ward* v. *C. & N. W. Ry. Co.* 61 Ill. App. 530, reversed.

WRIT OF ERROR to the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of DeKalb county; the Hon. CHARLES KELLUM, Judge, presiding.

CHARLES A. BISHOP, THOMAS M. CLIFFE, and PEASE & McEWEN, for plaintiff in error:

Negligence is a question of fact for the jury. *Railroad Co.* v. *Yarwood,* 15 Ill. 468; *Railroad Co.* v. *Randolph,* 53 id. 514; *Railway Co.* v. *Halsey,* 31 Ill. App. 601; *Railroad Co.* v. *Bonifield,* 104 Ill. 223; *Delmatyr* v. *Railroad Co.* 24 Wis. 585; *Railroad Co.* v. *Baddeley,* 150 Ill. 328; *Coal Co.* v. *Bruce,* id. 449; *Railroad Co.* v. *O'Hara,* id. 580; *Cressey* v. *Railroad Co.*

75 Pa. St. 83; *Davis* v. *Railroad Co.* 18 Wis. 175; *Filer* v. *Railroad Co.* 49 N. Y. 47; *McNulta* v. *Ensch*, 134 Ill. 53; *Railroad Co.* v. *O'Connor*, 119 id. 586; *Railroad Co.* v. *Voelker*, 129 id. 540; *Railroad Co.* v. *Moranda*, 108 id. 576; *Railroad Co.* v. *Pennell*, 94 id. 449; *Schmidt* v. *Railroad Co.* 83 id. 405; *Wolf Manf. Co.* v. *Wilson*, 152 id. 9.

Where the facts are such that reasonable men might disagree as to whether or not an act constituted negligence, it cannot be said by the court to be or not to be negligence, but must be left to the jury upon the proofs, as a question of fact, for their determination. *Railroad Co.* v. *Parker*, 131 Ill. 557; *Railroad Co.* v. *Voelker*, 129 id. 540; *Railroad Co.* v. *O'Connor*, 119 id. 586; *Railroad Co.* v. *Johnson*, 135 id. 641; *Railroad Co.* v. *Davis*, 130 id. 146; *Railroad Co.* v. *Lane*, id. 116; *Railroad Co.* v. *Ouska*, 151 id. 232; *Hoehn* v. *Railroad Co.* 152 id. 224; *Railroad Co.* v. *Larson*, id. 327; *Railroad Co.* v. *Brown*, id. 484; *Andrew* v. *Railway Co.* 45 Ill. App. 269; *Railway Co.* v. *Callaghan*, 157 Ill. 406.

The effect of calling stations is a question of fact. 2 Am. & Eng. Ency. of Law, 761; *Railway Co.* v. *Farrell*, 31 Ind. 410.

WILLIAM BARGE, for defendant in error:

It is not carelessness in a conductor to notify passengers of their approach to the station at which they are to get off. 2 Redfield on Railways, (5th ed.) 262; *Damont* v. *Railway Co.* 6 La. Ann. 441.

The mere announcement of the name of the station is not an invitation to alight. *Smith* v. *Railway Co.* 88 Ala. 538.

Neither the announcement of the station, nor stopping the train before it arrives at the platform, if required by law or usage for the purpose of avoiding collisions or other accidents, is negligence *per se*. *Smith* v. *Railway Co.* 88 Ala. 543.

Alighting from a train in motion precludes a recovery, and the use of reasonable care while alighting does not help it. *Railroad Co.* v. *Dufrain*, 36 Ill. App. 352.

If a company has prepared a platform for the accommodation of passengers leaving the cars, and a passenger leaves the cars on the opposite side and is killed in consequence, the company is not responsible.   Redfield on Carriers, sec. 390; *Railway Co.* v. *Zebe*, 33 Pa. St. 318.

Mr. JUSTICE WILKIN delivered the opinion of the court:

Plaintiff in error brought his action against defendant in error, in the circuit court of DeKalb county, to recover damages for a personal injury received from the alleged negligence of its servants.   The circuit court sustained a demurrer to the declaration, and upon his electing to abide by it, entered judgment against him for costs.   He appealed to the Appellate Court for the Second District, and that court affirmed the judgment of the circuit court, to reverse which judgment of affirmance this writ of error is prosecuted.

The declaration is very voluminous, containing eleven counts of unusual length.   While the demurrer was both general and special, the special grounds stated go to the substance, and not to the form, of the allegations.   Admitting, as it does, the truth of the allegations of the declaration properly pleaded, the question for our decision is, do the several counts, or any of them, state such a cause of action as entitles the plaintiff to recover? If it does, then whether, under all the facts of the case, with their proper inferences, there appears such negligence as will entitle the plaintiff to a judgment must be submitted to a jury for determination.   As stated by COOLEY, C. J., in *Detroit and Milwaukee Railroad Co.* v. *Van-Steinburg*, 17 Mich. 99:   "When the question arises, and upon a state of facts on which reasonable men may fairly arrive at different conclusions, the fact of negligence can not be determined until one or the other of these conclusions has been drawn by the jury.   The inferences to be drawn from the evidence must either be certain and uncontrovertible, or they cannot be decided upon by the

court." This court has frequently announced the same doctrine.

The *gravamen* of the action is, that the plaintiff, being by the defendant carried as a passenger from Chicago to DeKalb, was induced to believe, by the announcement of a brakeman on the train, that it had stopped at De-Kalb station, under which belief he attempted to get off, using due care, and was, from different causes stated in the several counts, thrown to the ground and injured, the train, in fact, having stopped about three hundred feet short of the station. Each count, except the first, (and perhaps the seventh, which is so general as to be clearly bad,) states this principal cause of action in the same language, as follows: The defendant, "in announcing, by its servants, the stations at which the said train stopped and was to stop, announced, upon leaving each station stopped at prior to reaching said city of DeKalb, that the next station stopped at would be the station next on the route and at which said train was scheduled to stop, which announcement was the only announcement of stations made by the said railroad by its servants in the said coach in which the said plaintiff was riding which could be heard by passengers within said coach seated at or near where the plaintiff was then and there riding; and the plaintiff avers that the  *  *  *  defendant, by its brakeman, announced on the said train, upon leaving a certain station called Geneva, situated in the State of Illinois, and by and through which the line of railroad upon which said train was operated ran, that the next stop of the train would be DeKalb, meaning thereby the station of the defendant situated in the city of DeKalb;  *  *  *  that the said defendant ran and operated its said train to a point near the said station of DeKalb, and stopped the same a distance of  *  *  * three hundred feet from said station before reaching the same, and which stop was the first stop of the said train after leaving the said station of Geneva, near the said

station of DeKalb; that upon the stopping of said train, the same being about the hour of eight o'clock P. M., * * * and it being dark, the said plaintiff, together with other passengers, proceeded to the end of the coach in which he was then and there riding nearest to the seat occupied by him, for the purpose of ascertaining if the said train was in fact at the station of DeKalb and if it were safe for him then and there to alight, and if said train had passed said platform to endeavor to get the servants of the defendant on said train to stop and permit plaintiff to alight, there being no servants of the defendant then and there in said car; * * * and plaintiff further avers that immediately after the stopping of the train the defendant started the same, without notice or warning to plaintiff that said train had not reached said station of DeKalb." Then, after alleging that it was the duty of the defendant to keep the doors of the vestibule closed, the vestibule lighted, the place where the train stopped lighted, etc., (these alleged duties being stated in separate counts,) it is alleged that the plaintiff proceeded to the platform of said car, and then and there, while exercising due care and diligence, stepped from the threshold of the door or went upon the platform, and missed his footing by taking hold of a swinging vestibule door, or for want of proper light, or falling over piles of gravel, etc., fell, and was injured, etc.

It will thus be seen that the statements as to obstructions, want of light, improper condition of the vestibule doors, etc., are merely matters explanatory of the manner in which the defendant was thrown to the ground, and are only material provided it is sufficiently shown that he was justified in attempting to alight from the car at that place,—that is to say, it was not, as a matter of law, the duty of the defendant to keep the doors of the vestibule closed, the vestibule lighted, the ground near the track at that particular place free from gravel and kept lighted, etc., as an independent proposition. As a matter of law

the plaintiff had no business to go upon the platform of the car, or right to attempt to leave it at a place other than the station, unless he was led to do so by some act of the employees of the defendant reasonably calculated to mislead him as to where the station was, and therefore it was a matter of no consequence to him whether the doors of the vestibule were closed, the vestibule lighted or the yard free from obstructions or not. On the other hand, if he was justified in attempting to alight from the train at that place, and failed to do so safely, exercising due care, and his injury was caused by reason of any of the omissions or obstructions, then he would be entitled to recover, independently of such omissions or obstructions. So the question upon each of these counts must be, does it appear that he was reasonably justified in attempting to get off at the time alleged?

The negligence charged is, stopping the train before reaching DeKalb station, after the announcement upon leaving Geneva, without warning to passengers not to get off. The distance between Geneva and DeKalb is not stated nor the length of time required to make the run between these stations. We do not think any intelligent person would understand the call of the brakeman upon leaving Geneva, as alleged, as requiring passengers to leave the train at the next stop without further notice. It is well known that calling the next station in the manner alleged is merely to enable passengers to get ready, if they desire time to do so, to get off when the station is called and the train stopped. Each of these counts shows, by direct averments, that the plaintiff was not led to believe he was to get off at the first stop after leaving Geneva. When the stop was made he "proceeded to the end of the coach in which he was then and there riding, * * * for the purpose of ascertaining if the said train was in fact at the station of DeKalb and if it were safe for him then and there to alight," and yet he proceeds to show, by subsequent averments, that, notwithstanding

the train immediately started after stopping, without any further information he attempted to get off the train. Why he left the car or attempted to do so, and whether he attempted to get off while the train was still standing or after it had started, is not alleged. We will have occasion to notice the law applicable to the case in our consideration of the first count, and deem it unnecessary to more definitely point out objections to those above mentioned, but we think it clear, when read in the light of the law, that they state no grounds of recovery. They are vague, indefinite and uncertain in the extreme, and the circuit court very properly held each of them bad.

We are, however, unable to reach the same conclusion as to the first count. It alleges that the plaintiff became a passenger on the defendant's road from the city of Chicago to the city of DeKalb, and avers that it was the duty of the defendant, upon the arrival of the train at his destination, to properly stop the train to give him an opportunity of safely alighting therefrom, and then states that it failed to perform that duty, in this language: "But on the contrary thereof, then and there, upon the approach of the said train to said station, and after the passengers thereof had been notified of the near arrival of said train at said station by the calling thereof by the brakeman of the company, stopped the train prior to reaching the said station, and the plaintiff then and there proceeded upon the platform of said coach in which he was then and there riding, the same being then and there in darkness, and so dark that the plaintiff could not see whether or not the said train had arrived at the said station, and the defendant then and there suddenly, carelessly and negligently moved the said train without warning to the plaintiff, and the said platform of said coach was then and there unsafe and dangerous, and the defendant then and there, negligently and carelessly, failed to warn said plaintiff that said train was not at the station platform, and while the plaintiff, with all due care

and diligence, was then and there preparing to alight therefrom, the said plaintiff, by and through the carelessness and negligence of the defendant in moving said train, without warning to said plaintiff, as aforesaid, was then and there thrown with great force and violence from and off the said train to and upon the ground there and the rails of another track of the said defendant then and there situated, and then and there injured." The count then proceeds to state the nature of his injuries.

The language is not the most apt and the expressions perhaps not entirely clear, but we think any one reading this count would understand its averments to be, that upon the approach of the train to DeKalb station the brakeman called it out, but the train, instead of stopping at the station, stopped about three hundred feet before reaching it, whereupon the plaintiff proceeded to get off, and in doing so was injured. Hutchinson, in his work on Carriers, speaking of the duty of railroad companies as to providing suitable opportunity for passengers to safely alight from their trains, says: "Having provided such platforms, they are required to be careful to bring their coaches up to them in such manner that their passengers may be afforded an opportunity safely to alight upon them, and if the passenger be called upon to leave the coach before this has been done, or if he is reasonably induced to believe, from the circumstances or from the conduct of those in management of the train, that it has been halted in order that the passengers might there alight, and that no other or better opportunity will be given him to do so, and in undertaking to leave the conveyance with due care and discretion he receive an injury from the want of proper facilities for doing so or by reason of the dangerous character of the ground, the carrier will be held responsible for its negligence." And in support of this announcement a number of English cases are cited.

In the case of *Memphis and Little Rock Railway Co.* v. *Stringfellow*, 44 Ark. 322, (51 Am. Rep. 598,) the plaintiff was a passenger on the defendant's road. When the train had arrived within a short distance of the destination the brakeman called out the name of the station. The train stopped a few moments at a crossing of another road, short of the station. The night was dark. The plaintiff, thinking he had reached the station, arose from his seat and attempted to get off just as the train was beginning to move slowly forward, and was injured. It was held he was entitled to recover. Several English and American cases are quoted from as sustaining the cause of action, among others, *Weller* v. *London, etc. Railway Co.* L. R. 9 C. P. 126. In that case BRETT, J., says: "I agree that to call out the name of the station before the train has come to a standstill is no evidence of negligence on the part of the company. I also agree that merely overshooting the platform is not negligence. But if the porter has called out the name of the station, and the engine driver has overshot the station and the train has come to a standstill, the company's servants are guilty of negligence if they do not warn the passengers not to alight. At all events, the jury may, from the facts, infer negligence." And it is also said, "the best considered American cases are to the same effect."

In *Central Railroad Co.* v. *VanHorn*, 38 N. J. L. 133, BEASLEY, C. J., said: "The court would not be warranted in saying that it is not negligence to give notice of the approach of a station and then to stop the train short of such station in the night time. Such a course would naturally tend to jeopard passengers, for it would induce them to believe that they had arrived at the station designated, and they would, in the ordinary course, go to the car platform. At night this must be the inevitable result. It is said in the brief of the counsel for defendant that it was right to give the notice at a long distance from the depot, so that the passengers might

prepare to leave the cars. This may do when the train is not to stop before it reaches the station. When the station is called the passengers have the right to infer that the first stop of the train will be at such station."

In a note to the foregoing case it is said (51 Am. Dec. 602): "In *Bass* v. *P. & W. R. R. Co.* (R. I. Sup. Ct.) the train on which A was approaching his home stopped before arriving at the station to allow a freight train coming in the opposite direction to pass. It was dark. A, thinking that the station was reached, got out and was injured by the freight train. The conductor, as soon as he learned the cause of the stop, moved his train forward to the station. It was in evidence that passengers at the station habitually left the train on both sides. A sued the railroad company for damages and recovered a verdict. *Held*, that the question of the defendant's negligence and of plaintiff's contributory negligence was for the jury."

We are unable to see, under these authorities, wherein the first count of this declaration is substantially defective in stating a cause of action. Of course, the question upon the trial must be whether or not, in view of the facts alleged and the inferences to be fairly drawn therefrom, the plaintiff was justified in believing, from the statements and conduct of those in charge of the train, that it had stopped at the proper place for him to alight at DeKalb station, and whether he was in the exercise of ordinary care and diligence in attempting to do so, being thrown from the train by the sudden moving thereof without notice.

For the reasons stated the judgments of the circuit and Appellate Courts will be reversed, and the cause will be remanded to the circuit court.

*Reversed and remanded.*

Mr. JUSTICE CARTWRIGHT took no part.