ROBERT J. FITCH v. THE MASON CITY AND CLEAR LAKE TRACTION COMPANY, Appellant.

**Negligence:** LURCHING CAR: *Evidence.* As bearing on the question of negligence charged, that defendant so ran its car as by a sudden lurch thereof to throw plaintiff suddenly and violently out thereof, evidence of the condition of the track and rails where the accident occurred is admissible.

**Evidence:** LEADING QUESTION: *What is not.* The question "did he say anything then with reference to who, if any one was to blame?" asked witness after testifying to a conversation with plaintiff, after his injury, as to the manner of his exit from the car, and as to what he was doing at the instant thereof, is not leading.

WHAT IS CONCLUSION. The question asked witness in an action for negligently running a car so that by a sudden lurch thereof plaintiff was thrown therefrom: "If it is not a fact that a

person operating a car can run it around any curve on the line 'or round this particular curve, * * * by exercising care and foresight, so as not to cause it make any lurch or jerk sufficient to move a person in the car?" is objectionable, as calling for witness's conclusion as to the issue of negligence.

**Assignment of Error:** HOW SPECIFIC: *Giving instructions.* Under Code, 1897, section 4136, providing that assignment of error "must clearly and specifically indicate the very error complained of," assignments that the court erred in giving each of certain numbered instructions and in refusing each of the instructions asked, is insufficient.

*Appeal from Cerro Gordo District Court.*—HON. C. H. KELLEY, *Judge.*

TUESDAY, FEBRUARY 11, 1902.

ACTION to recover damages for a personal injury alleged to have been caused by the negligent operation of the defendant's railway. There was a trial to a jury and a verdict and judgment for the plaintiff. The defendant appeals. —*Reversed.*

*Cliggitt & Rule* and *D. W. Hurn* for appellant.

*Blythe, Markley & Reinard* for appellee.

SHERWIN, J.—Appellee questions the sufficiency of the assignments of error relating to instructions given and refused. These assignments are that the court erred in giving each of the instructions numbered, etc., and erred in refusing each of the instructions asked. Under the language of the Code of 1873, we have held such assignments of error as to the instructions sufficient. Section 3207 of the Code of 1873 provided that assignments of error "need follow no stated form, but must, in a way as specific as the case will allow, point out the very error objected to." Section 4136 of the Code of 1897 provides that no stated form of assignment is necessary, but says that the assignment "must clearly and specifically indicate the very error com-

plained of." A comparison of the sections noted will at once indicate the change of phraseology carried into the present law, and, while it is not great, it is intended to require more exactness in pointing out 'the precise error than was required under the Code of 1873. In *Huss v. Railroad,* 113 Iowa, 343, we had under consideration the sufficiency of an assignment of error as to the overruling of a motion to set aside the verdict and grant a new trial. There were several grounds specified in the motion, and the assignment alleged error in overruling each ground thereof, and we held that it was sufficiently specific as to lack of evidence to support the verdict, because it would "not be practicable to point out how each particular point of the evidence fails to sustain the verdict." We do not consider that case an authority supporting the sufficiency of the assignment of error in this case, but, on the other hand, think that it directly holds, in effect at least, that an assignment of error covering the instructions given and refused must point out specifically the error relied upon in the court's ruling. This does not necessarily mean 'that the errors complained of need be argued in the assignment, but that the assignment must particularly 'state the error in the instructions given and the error in refusing the instructions asked. We hold the assignment as to the instructions insufficient.

The negligence charged is that the defendant "so ran, managed, and operated said car as, by a sudden lurch or jerk thereof, to throw the plaintiff suddenly and violently out of said car to the ground." The plaintiff was permitted to prove the condition of the track and rails at the curve where the accident occurred. There was no error in this, because the question of the defendant's negligence in operating the car at the time and place in question was in issue, and that could not well be shown without such proof. It could not be determined whether or not. the car was properly operated without showing the condition of the road bed and rails at that point, because the car must of necessity

be operated thereon; and in this respect the case at bar is distinguished from the case cited by the appellant.

The cross-examination of the witness, Tibbs, was not proper, but at the same time the answers elicited were not prejudicial.

Mr. Pramer, one of the defendant's witnesses, testified to a conversation had with the plaintiff after his injury, as to the manner of his exit from the car, and as to what he was doing at the instant thereof. He was then asked this question: "Did he say anything then with reference to who, if any one, was to blame at that time?" An objection was made that the question was leading, and was sustained. In this there was error. The form of the question only called the attention of the witness to the subject-matter of his answer, and did not suggest what the answer should be. That this testimony was competent cannot be questioned. Its exclusion, therefore, was prejudicial error.

C. T. Dike, a civil engineer, was used as a witness by the defendant, and testified as to the construction of its line, the degree of the curve in question, and the manner in which the rails were laid, connected, etc. On cross-examination he was asked "if it is not a fact that a person operating a car can run it around any curve upon the line or around this particular curve, * * * by exercising care and foresight, so as not to cause it to make any lurch or jerk sufficient to move a person in the car." We think this question called for a conclusion of the witness on a material matter. It, in effect, under the issues and evidence in the case, called for his conclusion as to whether the defendant was guilty of negligence in operating the car at the time in question; hence it was error to permit the witness to answer.

Many other errors as to rulings on the introduction of evidence are assigned and argued, but we find nothing further of sufficient importance to require specific mention.

For the errors pointed out, the judgment is REVERSED.