On motion to dismiss decided January 24, 1911.

Argued on the merits May 3, decided May 23, 1911.

### KEARNEY v. OREGON R. & N. CO.

[112 Pac. 1083. 115 Pac. 593.]

APPEAL AND ERROR—FAILURE TO FILE BRIEF—EXCUSE.

1. Where an appeal was taken in good faith and the appellant's failure to file a brief within the time required, occurred through counsel's misconception. as to the date from which the 30 days after appeal was perfected, should begin, the appellant will be relieved from his default.

CARRIERS—INJURY TO PASSENGER.

2. In an action for injuries to a passenger, evidence *held* sufficient to show that a jar of the train threw plaintiff forward, and that he fell off the platform through an open vestibule door.

TRIAL—QUESTION FOR JURY.

3. Where there is any evidence that reasonably supports plaintiff's theory, the case must go to the jury.

CARRIERS—INJURIES TO PASSENGER—NEGLIGENCE—EVIDENCE.

4. In an action against a railroad company for injuries to a passenger, evidence *held* sufficient to go to the jury on the question of negligence of defendant's employees in leaving the door of a vestibule open.

CARRIERS—INJURY TO PASSENGERS—DUTY OF RAILROAD.

5. A vestibule on a railroad car with the doors closed cannot be said as a matter of law to be a dangerous place, and to leave the doors open when the cars are still in rapid motion is an omission justifying an inference of negligence.

CARRIERS—INJURIES TO PASSENGER—CONTRIBUTORY NEGLIGENCE—EVIDENCE.

6. In an action by a passenger against a railroad company for injuries from being thrown through an open vestibule by a sudden jerking of the car, where it did not appear the plaintiff knew that the vestibule doors were open, *held*, that the question of plaintiff's contributory negligence in going upon the platform was for the jury.

From Umatilla:    HENRY J. BEAN, Judge.

Decided January 24, 1911.

## ON MOTION TO DISMISS.

[112 Pac. 1083.]

This is an action by C. M. Kearney against the Oregon Railroad & Navigation Company. From a judgment in favor of plaintiff, defendant appeals, and plaintiff now moves to dismiss the appeal.    MOTION DENIED.

*Messrs. Fee & Slater* and *Messrs. Raley & Raley* for the motion.

*Messrs. Carter & Smythe, contra.*

Opinion PER CURIAM.

1. Respondent Kearney on December 7, 1910, moved the court to dismiss the appeal in this case for the reason that appellant failed to file its brief within the time provided by rule 6 (50 Or. 572: 91 Pac. viii). It appears from the record that appellant's brief should have been filed on or before November 27th; that on December 3d defendant made an application to this court for an extension of time until December 22d, in which to file its brief, which was granted on December 5th.    From the showing made, there can be no question that the appeal has been taken

in good faith. The default occurred through a misconception by defendant's counsel as to the date from which the 30 days after the appeal was perfected should begin within which appellant must file its brief, and the showing made by appellant is sufficient to establish excusable neglect on the part of the counsel in that matter.

The motion to dismiss the appeal will be denied and defendant relieved from his default under the authority of *Neppach* v. *Jones,* 28 Or. 286 (39 Pac. 999: 42 Pac. 519) ; *Wagner* v. *Portland,* 40 Or. 389 (60 Pac. 985: 67 Pac. 300) ; *Wood* v. *Fisk,* 45 Or. 276 (77 Pac. 128, 738) ; and *Johnson* v. *White* (decided by this court January 24, 1911).                                    MOTION DENIED.

Mr. Justice BEAN having heard this case in the court below took no part in its decision here.

---

Decided May 23, 1911.

## ON THE MERITS.

[115 Pac. 593.]

Statement by MR. JUSTICE MCBRIDE.

This is an action for damages for personal injuries to plaintiff, resulting from alleged negligence of defendant while plaintiff was a passenger upon defendant's railway train.

There is evidence on plaintiff's behalf tending to show that on May 28, 1909, plaintiff entered the coach in which he was riding at Umatilla, and that the train reached Pendleton about 2:35 o'clock in the morning. The car was a vestibule car with a door on each side and trapdoors in the floor over the steps. Plaintiff was seated with two compaions, Hughes and Gard, and did not leave his seat until the brakeman announced Pendleton—plaintiff's destination—when they were something over a mile west of the station. Thereafter plaintiff and his two

companions arose, put on their overcoats, and plaintiff took his grip, preparatory to leaving the train. When about 900 feet from the station, Hughes walked out upon the front platform, Gard following and plaintiff a few feet behind. Gard stepped down on the steps on the north side of the car, and Hughes stood at the head of the steps on the platform. Both doors of the vestibule were open, and there was evidence tending to show that the south door had been opened at Echo, several miles below Pendleton, to permit a passenger to alight, and that it had not been closed thereafter. Hughes and Gard testified that the last time they observed plaintiff he was standing just inside the car door facing the platform; that a short distance below the station the train slowed up considerably, causing a heavy jerk; that they got off at the station; and that, after assisting the chief of police, who was plaintiff's brother, to arrest some tramps suspected of robbery, and after going up into town, they became anxious about plaintiff's nonappearance, and, in company with his brother, they went down the track to look for him, and found him lying on the south side of the track, about 700 feet west of the station. He was helpless and unable to speak, and it was claimed that his injuries were such as to render him incapable of appearing as a witness in his own behalf. Other facts appear in the opinion.

At the close of plaintiff's testimony, defendant moved for a nonsuit, which was refused. Plaintiff had a verdict, and defendant appeals.                    AFFIRMED.

For appellant there was a brief over the names of *Mr. William W. Cotton, Messrs. Carter & Smythe, Mr. Arthur C. Spencer* and *Mr. W. A. Robbins,* with an oral argument by *Mr. Robbins.*

For respondent there was a brief over the names of *Messrs. Fee & Slater,* and *Mr. James H. Raley,* with oral arguments by *Mr. Robert S. Slater* and *Mr. Raley.*

MR. JUSTICE MCBRIDE delivered the opinion of the court.

While the evidence might not appear to all minds to be conclusive, we are of the opinion that it was sufficient to justify the court in submitting the case to the jury. Plaintiff was standing in the door of the car immediately before the jerk of the train occurred, and a very few minutes after, when Hughes looked for him, he had disappeared; and the evidence tends to show that he was found just about where the witnesses locate the place where the jerk occurred. It is not unreasonable to suppose that he was thrown through the front door of the car upon the platform, and fell from there through the open south door of the vestibule, thereby receiving the injuries which he suffered. While it is true that courts will not accept evidence of witnesses which is contradicted by absolute physical facts, yet they are cautious in the application of this rule, and in the case before us it can have no application. A natural and reasonable inference from the facts testified to by plaintiff's witnesses is that the jar of the train threw him forward, and that, burdened as he was with his suit case, he was unable to recover himself and fell off the platform through the side door. Accidents of this character, while infrequent, do happen sometimes. Thus in *Fitch* v. *Mason City & C. L. Traction Co.*, 116 Iowa, 716 (89 N. W. 33), we have the case of a person sitting on a seat near the door of a car and being thrown bodily off the seat and out through the door upon the roadway beneath. In *Coudy* v. *St. Louis Iron Mountain & Southern Railway*, 85 Mo. 79, the plaintiff, a boy, arose from his seat to pick up a bundle that had fallen on the floor, when a sudden checking of the speed of the car threw him down the aisle, through the open door of the car, out upon the platform, and from there down the steps to the ground. These two instances came to the attention of

the writer of this opinion while looking up other branches of this case, and the facts of both are more unusual than those upon which plaintiff predicates a recovery here, where in our opinion plaintiff's theory seems a natural and reasonable one.

2. It is true that there is strong contradictory evidence on behalf of defendant; but where there is any evidence that reasonably supports plaintiff's theory, the case must go to the jury, and its verdict is conclusive.

3. We think that there was evidence sufficient to go to the jury upon the question of negligence of defendant's employees in leaving the door of the vestibule open.

4. The object of having vestibuled trains is to assure the safety of persons who have occasion to go upon the platform. Except at stations, it was the duty of defendant to use diligence to keep the vestibule closed, and there is some evidence tending to show a lack of diligence in this instance.

5. A vestibule with the doors closed cannot be said as a matter of law to be a dangerous place. In fact, it is nearly as safe as the car itself, and to leave the doors open when the cars were still in rapid motion was an omission from which a jury would be justified in inferring negligence.

It is urged that plaintiff was guilty of contributory negligence in going upon the platform. But, under the circumstances, we think this was a question of fact for the jury. There are many cases cited by defendant where it has been held to be contributory negligence for a person to ride upon an open platform or to attempt to alight from a moving train. But counsel has cited but one case where this doctrine has been applied to going upon a platform protected by a vestibule. This is the case of *Ward* v. *Chicago & N. W. Ry. Co.,* 165 Ill. 462, (46 N. E. 365). The question here involved does not seem to have been involved in that case. The train had

made a stop at a place not a station, and the plaintiff, supposing it might be the place of destination, stepped into an unlighted vestibule, and fell through a swinging door upon the ground. The court said that plaintiff had no business upon the platform, and had no right to attempt to leave the car, and that his doing so was negligence. The case is not clear, and is remarkable for its loose language and exquisite injustice, and is distinguished in *Robinson* v. *Chicago & A. R. Co.*, 135 Mich. 254 (97 N. W. 689), where a contrary doctrine is held. The evidence does not show that plaintiff knew that either of the vestibule doors were open, though it is possible from the position of his two friends that his attention may have been drawn to the condition of the north door. We cannot say that he was guilty of negligence in doing just what people very generally do when their destination is announced, get up, put on their overcoats, take their grips, and get as near the vestibule as possible, so as to be able to get off the car as soon as the train stops and the doors are opened.

6. At all events, his care or want of care was a question of fact for the jury and not of law for the court.

The judgment is affirmed.                AFFIRMED.

Mr. Justice BEAN took no part in this decision.