Argued January 5, affirmed January 12, 1915.

## KEMP v. PORTLAND RY., L. & P. CO.*

(145 Pac. 274.)

**Carriers—Injuries to Passengers—Contributory Negligence—Platform.**

1. A street-car passenger was not negligent, as a matter of law, in leaving her seat as the car approached her destination and going on the closed platform before the car stopped so as to bar her right to recover for injuries sustained by her being thrown from the vestibule and injured as the car suddenly rounded a curve.

**Trial—Request to Charge—Assumed Facts.**

2. In an action for injuries to a passenger, a request to charge, assuming that the car was being operated in a careful and prudent manner, etc., which the jury under the evidence was not bound to find, was properly refused.

**Carriers—Injuries to Passengers—Alighting from Street-car—Instructions.**

3. Where a passenger was thrown from a street-car and injured, a request to charge, making her right to enter the vestibule of the car before reaching her destination dependent on whether there was room to accommodate her at the time inside of the car, was properly refused.

[As to rights of, and duties to, passengers alighting from trains, see note in 50 Am. Rep. 277.]

---

*For cases passing upon negligence of a street-car passenger in leaving seat before car stops upon approaching destination, see note in 50 L. R. A. (N. S.) 453.

As to negligence in going upon platfom or steps of car just before reaching station, see note in 21 L. R. A. (N. S.) 715.          REPORTER.

Carriers—Injuries to Passengers—Alighting from Street-car—Issues.

4.   Where a passenger's complaint for injuries from being thrown from a street-car platform alleged failure of the conductor to warn her of the danger which might reasonably have been anticipated from passing over a curve which caused her to be thrown from the car, such allegation did not allege a breach of the servant's duty to physically restrain plaintiff, but merely to warn her against the danger; and hence a request to charge that if the conductor had no notice of any infirmity of plaintiff, and could not in the exercise of reasonable care have discovered that plaintiff was other than a reasonably prudent and careful person, defendant did not owe her the duty of restraining or attempting to restrain her from standing in the exitway of the car, was properly refused.

   [As to duty of carrier to give information to passengers to prevent their exposing themselves to danger, see note in 7 Am. St. Rep. 830.]

From Multnomah: JOHN P. KAVANAUGH, Judge.

Department 1.   Statement by MR. CHIEF JUSTICE MOORE.

This is an action by Bessie Kemp against the Portland Railway, Light & Power Company, a corporation, to recover damages for a personal injury.   The negligence charged in the complaint is to the effect that the defendant's agents, though properly notified, failed to stop at the proper place an electric car on which the plaintiff, Mrs. Bessie Kemp, was a passenger; that without protecting her she was permitted by them to stand in a position where she was liable to sustain injury in preparing to alight at another regular crossing; and that they ran the car at a dangerous rate of speed over a curve which was known to them but unknown to her, whereby she was thrown to the ground and hurt.

The answer denied the negligence alleged, and for separate defenses averred that the injury complained of was caused by the plaintiff's own carelessness whereby she "slipped or fell," and that the injury which she sustained was the result of an inevitable accident.

The averments of new matter in the answer were controverted by the reply, and, the cause having been tried, the plaintiff secured a judgment for $3,000, and the defendant appeals. AFFIRMED.

For appellant there was a brief over the names of *Messrs. Griffith, Leiter & Allen* and *Mr. T. S. Robinson,* with an oral argument by *Mr. Robinson.*

For respondent there was a brief over the names of *Mr. Morris A. Goldstein* and *Messrs. Senn, Ekwall & Recken,* with oral arguments by *Mr. Goldstein* and *Mr. Frank S. Senn.*

Opinion by MR. CHIEF JUSTICE MOORE.

It is maintained that an error was committed in denying a motion for a judgment of nonsuit. The defendant owns in Portland, Oregon, a system of street railways and operates thereon electric cars. It maintains on the west side of the Willamette River a double line of tracks extending from the business section of the city south on Third Street for quite a distance. The cars on such line, going in that direction, run on the west track and, in the vicinity of the accident, make regular stops only at alternate street crossings. The plaintiff at the time of the injury resided at the northwest corner of Lincoln and Third Streets, at which intersection the cars were not halted. She testified: That on April 30, 1913, at 5:30 P. M., she became a passenger on a "pay-as-you-enter," car, going from the business district to her home and carrying small packages in her arms. That in ample time before reaching College Street, the crossing immediately north of the one near which she resided and the intersection where the cars going south were regularly halted, she sig-

naled for the car to be stopped, by pressing an electric
button near which she sat, and thereupon walked
toward the rear of the car in order to alight. Her re-
quest not having been complied with, she resumed her
seat, and gave another signal to halt at Grant Street,
the crossing immediately south of Lincoln Street.
That she thereupon vacated her seat, walked to the
rear of the car, and stepped down into the vestibule
beside the conductor, grasping with her right hand a
handhold near the exit door and carrying the packages
on her left arm. That the conductor was examining
his tickets and gave no heed to her until the car sud-
denly struck the curve leading east into and down-
grade on Grant Street, when a lurch of the car caused
her to release her hold, and she fell through the door to
the pavement and was injured. The testimony of the
plaintiff's witnesses who were fellow-passengers, or
who saw the accident, is to the effect that the car was
then running very fast and passed the crossing at the
entrance of Grant Street half a car's length before a
halt was made, notwithstanding a vigorous overhead
pull of the bell-cord was made when she fell; and that
there were but few passengers in the car at that time.
The testimony of the defendant's witnesses is, in sub-
stance, that, while the car was being operated at the
usual and safe rate of speed, the plaintiff voluntarily
walked into the vestibule and deliberately stepped
backward off the car when it was in motion; and that
the car was stopped at the regular place on the
crossing.

1. The question to be considered is whether the
plaintiff's conduct, at the time she was hurt, evidenced
that degree of carelessness which would authorize the
court, as a matter of law, to decide that she was guilty
of such negligence as would preclude a recovery, and

thereby to take the case from the jury. No evidence was offered to show that the defendant had posted or even adopted any rule forbidding passengers from leaving their seats, preparatory to alighting from the cars, or from passing toward exits prior to halting at crossings. The vestibule into which plaintiff passed was closed, except the doors, and she was not riding on an open platform of a moving car. Whatever the doctrine may have been with respect to the conduct of a passenger who rode on a former open platform of a moving car that was propelled by a steam locomotive, it has but little application to the control of street railways. In referring to them a text-writer observes:

"In the case of street railway companies, however, neither the officers of such corporations, the managers of their cars, nor the traveling public, as a general rule seem to regard the practice of riding on the platform of their cars as hazardous, and the weight of authority is to the effect that a passenger thus riding is not *per se* negligent, unless the practice is forbidden by statute or by rule of the carrier brought to the notice of the passenger. * * Until they adopt some such regulations, and notify the public, it is but reasonable to hold them liable for injuries, resulting from their own negligent acts, to their patrons, who are themselves in the exercise of reasonable care, whether riding upon the platforms or within the cars": 5 R. C. L., § 674.

In another part of that volume it is said:

"It is usually held not to be negligence *per se* for a passenger to leave his seat and approach the door of the car preparatory to disembarking after his destination has been announced and the train is approaching the station, or to go upon the platform of the car while the train is in motion, preparatory to alighting. * * Whether in a particular case the passenger is negli-

gent in taking such position is for the determination of the jury'': 5 R. C. L., § 677.

An exception to this rule, as to the duty of a passenger, is noted by a distinguished law-writer who says:

"If the train is approaching the station at a dangerous rate of speed, and if he is not invited by any servant of the carrier thus to go upon the platform, and if there is no necessity for him so to act, he cannot recover damages by reason of the fact of being jerked off the train by a sudden increase of its speed which it makes instead of stopping at the station'': 3 Thomp., Neg. (2 ed.), § 2953.

The decisions which gave rise to the departure from the general rule thus adverted to were evidently made when open platforms were a part of passenger cars that were propelled by steam locomotives. Platforms of that kind upon such cars have been superseded by vestibules the doors of which are, or should be, opened only when the train is brought to a halt, usually to receive and discharge passengers at stations. The exception noted has no application to modern cars, and a passenger who is approaching his destination when the station is announced may leave his seat, preparatory to his departure, and enter the vestibule, and if the door thereof has been carelessly left open, and by a sudden jerk of the car he is thrown therefrom, the question of his negligence is properly submitted to the jury: *Kearney* v. *Oregon R. & N. Co.,* 59 Or. 12 (112 Pac. 1083, 115 Pac. 593).

In *Young* v. *Boston & N. St. Ry. Co.,* 213 Mass. 267 (100 N. E. 541, Ann. Cas. 1914A, 635, 50 L. R. A. (N. S.) 450), the testimony tended to show that as a car on which the plaintiff was a passenger approached his journey's end, he signaled the conductor to stop,

and, while the car was moving at a high rate of speed, he left his seat and proceeded to the door, holding on to the side of that opening; that as the car passed over a switch at an unusual speed it gave a sudden jerk, wrenching his grasp from the door, throwing him to the vestibule floor, and injuring him. The court, considering this testimony, held that he was not guilty of negligence as a matter of law; that there was evidence of careless management of the car on the part of the defendant's servants; and that the question of the plaintiff's due care was for the jury. The evidence in that case so nearly coincides in many particulars with the testimony given by the plaintiff's witnesses herein that we conclude no error was committed in denying the motion for a judgment of nonsuit. '

Exceptions having been taken to the court's refusal to give requested instructions, it is contended that errors were committed in declining to charge the jury as follows:

" (1) If you find from the evidence in this case that while one of the street-cars of this defendant was being operated in a careful and prudent manner on and around the curve leading from Third Street to Grant Street, and as the said car was being brought to a stop for the purpose of permitting such passengers as desired to alight from said car, but before the said car could be brought to a stop for such purpose, the plaintiff, in attempting to alight from said car, while the same was in motion, so carelessly, recklessly and negligently walked, stood, or conducted herself that in attempting to alight from said car she slipped or fell, the plaintiff is guilty of negligence and cannot recover, and your verdict should be for the defendant.

" (2) If you find from the evidence in this case that the plaintiff voluntarily placed herself in the exit door of the street-car and voluntarily remained in that position, and if you further find that there was sufficient

room inside the car to accommodate the plaintiff, you are instructed that she should have remained inside the car, and that by voluntarily remaining in the exit door she assumed the risks and dangers incident to the ordinary movements of the car in the operation of same, and therefore, in that event, your verdict should be for the defendant.

"(3) You are instructed that if you find from the evidence that the servant of the defendant in charge of said car, to wit, the conductor, had no notice of any infirmity of the plaintiff, or in the exercise of reasonable care under the circumstances could not have discovered that plaintiff was other than a reasonably prudent and careful person, then the defendant did not owe the plaintiff the duty of restraining or attempting to restrain her from standing in the exit-way of the said car."

2. Considering these alleged errors in the order stated, it will be observed from the use of the word "while," as first employed in request No. 1, that the instruction desired to be given seems to assume as true the disputed facts that the car was being operated in a careful and prudent manner, etc.   The jury were not thus explicitly to be told that if they found that the car was so run, and if they found it was being brought to a stop, and further found that under these circumstances the plaintiff attempted to alight and slipped or fell, they should conclude she was guilty of negligence and could not recover.   The use of the word to which attention has been called appears to leave a doubt as to the finding which should have been made as a basis for determining the plaintiff's conduct, and also seems to consider as true the controverted facts referred to.   A court cannot assume as established facts which should be left to the jury: *Yarnberg* v. *Watson,* 13 Or. 11 (4 Pac. 296); *Salomon* v. *Cress,* 22 Or. 177 (29 Pac. 439); *Savage* v. *Savage,* 36 Or. 268

(59 Pac. 461); *West* v. *McDonald,* 67 Or. 551 (136 Pac. 650). No error was committed in declining to give the first requested instruction.

3. In the second requested instruction, the plaintiff's right to enter the vestibule before reaching the crossing at which she ultimately expected to alight appears to be based upon a finding to be made by the jury that there was not at that time room inside the car to accommodate her. The rapid movement of street-cars seems to require passengers transported thereby, who are not physically disabled, without unnecessary haste to be ready immediately to leave when the car is halted at their destination. In order that he may do so, it is not negligence *per se* for a passenger to vacate his seat as the car approaches his place of departure when announced, or when he has signaled for the car to be stopped, and to proceed toward the vestibule, or to stand there in waiting the halting of the car for him to alight: *Kearney* v. *Oregon R. & N. Co.,* 59 Or. 12 (112 Pac. 1083, 115 Pac. 593). In that case, as the car was propelled by a locomotive, the doors of the vestibule were expected to be closed at all times except when the train was not in motion. In the case at bar, as stops are frequently made to discharge passengers, it is not to be supposed that the exit door of the vestibule would remain closed for any great length of time. But, however this may be, it is believed that no error was committed in refusing to give the second requested instruction.

4. In the third requested instruction, there was no averment in the complaint, nor did the court charge, that it was incumbent upon the defendant's agents to restrain the plaintiff from standing in the exit-way of the car. It will be remembered that the plaintiff's primary pleading alleged that without protecting her

she was permitted by the defendant's agent to stand in a position where she was liable to sustain injury in preparing to alight.

"The carrier," says a text-writer, "owes to the passenger the duty of protection during transportation in order that, while on the carrier's premises and in his vehicle, they may enjoy comfort, peace and safety. This duty of care involves warning or danger so far as such warning might enable the passenger to protect himself against an injury which might be anticipated in the exercise of a high degree of care and foresight, and the carrier will be liable for an injury which might have been avoided if due warning had been given, and also for injury resulting in the reasonable efforts of the passenger to avoid supposed danger, where the warning is improperly given": 6 Cyc. 600.

The averment of the complaint referred to, as we understand it, undertook an assertion of the rule last quoted, and the alleged protection which was neglected by the defendant's servant related to the failure of the conductor to warn the plaintiff of the danger which might reasonably have been anticipated from passing over a curve in the track of which he was supposed to have had knowledge. That part of the initiatory pleading under consideration related to such admonition, and not to any physical restraint which the defendant's servant was required to exercise. No error was committed in denying the third request.

It follows that the judgment should be affirmed, and it is so ordered.                                    AFFIRMED.

MR. JUSTICE BURNETT, MR. JUSTICE MCBRIDE and MR. JUSTICE BENSON concur.