Argued October 15, reversed November 19, 1958

# MARQUESS *v.* TAYLOR ET AL
## 331 P. 2d 879

*Ben T. Lombard,* Ashland, and *George H. Proctor,* Klamath Falls, argued the cause and filed briefs for appellant. With them on the briefs was Richard C. Cottle, Ashland.

*R. B. Maxwell* argued the cause for respondents Claude E. Taylor and Dean V. Johnson. On the brief were Maxwell & Goddard, Klamath Falls.

*Edwin E. Driscoll,* Klamath Falls, argued the cause and filed a brief for respondent J. I. Schlegel.

Before Perry, Chief Justice, and Warner, Sloan and O'Connell, Justices.

SLOAN, J.

This is an action by plaintiff for personal injury sustained in an automobile accident. The verdict and judgment were for defendants and plaintiff appeals. The accident in question occurred at about 8:30 p. m. on March 18, 1953, on U. S. Highway 97, approximately two and one-half miles south of Crescent, Oregon. At the time plaintiff was a passenger in a pickup truck proceeding in a northerly direction on the highway. The defendant Johnson was, on this occasion, operating a large lumber truck, also in a northerly direction. The truck was owned by the defendant Taylor. Defendant Schlegel was operating a Chevrolet car in a southerly direction at the time in question.

Immediately before the accident the defendant Johnson had stopped his truck on the highway to respond to an urgent demand of nature. He chose to stop after he had passed the crest of a rise or hill in the highway and while on the downgrade extending northerly therefrom. It was snowing at the time and the highway was covered with packed snow. Johnson testified he stopped on the downgrade to gain starting momentum. Schlegel approached from the north. He first passed the truck, and thinking the driver was in trouble, stopped and backed his car to a position opposite the cab of the truck. The lights of his car were directed to the south. He was engaged in brief conversation with Johnson when the pickup in which plaintiff was riding approached over the top of the above-mentioned rise and collided with the rear of the stopped truck, causing the injury of which plaintiff complains.

She charges both defendants with negligence in stopping their respective vehicles on the paved portion of the highway at a place and time when visibility was limited by reason of the rise or hill in the highway and the falling snow. She also charges each with unlawfully parking on the highway. She charges the defendant Johnson with failing to have adequate warning lights on the rear of the truck, the defendant Schlegel with directing the headlights of his vehicle at more than 42 inches above the ground and more than 75 feet in front thereof as required by statute. There were other specifications not necessary to mention.

There are numerous assignments of error but we deem it necessary to consider only one. In instructing the jury on the issue of the defendant Schlegel's lights, the court gave this instruction:

"I instruct you plaintiff has charged defendant

J. I. Schlegel with negligence in that said defendant directed the headlights of his vehicle in excess of 42 inches above the level on which his vehicle stood, and at a distance greater than 75 feet ahead of said vehicle, so arranged that the glaring rays projected into the eyes of oncoming traffic and of the driver of the pickup.

"In this connection, with this specification of negligence, I further instruct you that there is *no* evidence that the headlights of the defendant Schlegel were so arranged that the glaring rays projected into the eyes of oncoming traffic and said driver, and before you can find against defendant Schlegel under this charge you must find from a preponderance of the evidence defendant Schlegel was guilty as charged and that such negligence proximately caused the collision and resulting injuries, and that plaintiff was herself free from negligence which proximately caused said collision and resulting injuries." (Italics ours.)

Timely exception was taken. In fact, court and counsel engaged in brief discussion of the instruction in which the court's attention was specifically directed to that portion of the instruction informing the jury that there was no evidence to substantiate the allegation.

■■ The vice of the instruction is readily apparent. The statement that there "is no evidence that the headlights of the defendant Schlegel were so arranged that the glaring rays projected into the eyes of oncoming traffic * * *" is not only a comment on the evidence, it withdrew from the jury's consideration evidence which was important to its consideration of the issues. This, of course, was improper. *Kemp v. Portland Ry., L. & P. Co.,* 74 Or 258, 145 P 274. We are told that the insertion of the word "no" was by inadvertence. Unfortunately the jury could not know this.

The statement was positive. That it may not have been intended is immaterial. 1 Branson, Instructions to Juries 82, § 29. There had been conflict in the testimony on this issue and it was for the jury to determine the extent, if any, that the lights were blinding.

The next portion of the instruction was contradictory to the part just quoted. However, no exception was taken to that fault of the instruction. Exception was taken that the last phrase of the instruction informed the jury that plaintiff was obliged to prove by a preponderance of the evidence that she was free from contributory negligence. Further reference is made to this feature of the instruction later in this opinion.

Defendants Taylor and Johnson argued that if the above-quoted instruction were prejudicially erroneous, it affected only the defendant Schlegel. No reason or authority is presented to sustain this contention other than the bare assertion that it did not affect these defendants. We must, therefore, determine if the error committed by the instruction was material to any issue presented by defendants Johnson and Taylor. We believe it was.

Each of the answers filed by the defendants alleged in identical language that plaintiff's host driver, Newell, was guilty of negligence in several particulars, including failure to maintain a proper or any lookout, lack of control; and that he failed to slow down, turn or stop to avoid a collision with the truck. Each answer also alleged such acts were the sole proximate cause of the accident and that plaintiff adopted these acts as her own. There was conflicting evidence as to each of these allegations. On at least four separate occasions in its instructions the court emphasized to the jury the duty of the driver, Newell, and plaintiff

in regard to these allegations. The question of Newell's acts and omissions, as alleged, thereby became an issue of importance in the case. Consequently, when the court deprived the jury of the opportunity to consider the effect, if any, of the headlights of Schlegel's vehicle upon Newell, it removed from the jury's consideration a material factor in the determination of the case. We interpolate to mention that the instruction stated that there was "no evidence that the headlights of the defendant Schlegel were so arranged that the glaring rays projected into the eyes of oncoming traffic and said driver * * *." We emphasize that the comment of the court is aimed directly at the issue of lookout, and to the control that Newell should or could have exercised. In view of the pleadings submitted to the jury, the evidence and issues presented to it, the jury could well have determined that if it could not consider the effect of Schlegel's headlights there was nothing to impair the visibility of Newell and plaintiff, and consequently the proximate cause of the accident was the failure of the host driver, Newell, to properly look ahead, or to stop or turn aside or of the plaintiff to see and warn. The entire issue was for the jury. The jury was thereby denied the right to consider evidence that was material to more than one essential fact it was called upon to decide. We can only speculate as to the effect this had upon the jury's ultimate determination. We must assume that the jury adhered to this admonition of the court. The allegations mentioned were urged and were vital to both defendants and to plaintiff. We cannot say that a removal of a vital causative factor in such issues did not alter the jury's consideration.

In fact, the actual effect of this withdrawal was to substantially eliminate Schlegel from the case. The

issues then remaining were limited to the consideration of the negligence, if any, of the defendant Taylor and the host driver, Newell. The jury could well have determined that Newell was negligent and his negligence was the sole cause of the accident. In other words, the jury could have decided that the truck was negligently parked, but, in the absence of the glaring lights, there was still no excuse for Newell to fail to see the truck and stop in time to avoid a collision. This, again, is only speculation. This was for the jury to determine after consideration of all the evidence, and not just a part of it.

■ Plaintiff complains of other instructions to which no exception was taken. In view of a new trial we feel impelled to mention that the instructions were repetitious and unduly emphasized the burden upon plaintiff. They were particularly repetitious in regard to the allegations of negligence directed to the host driver, Newell. We have already mentioned the language of the quoted instruction. It lends itself to an inference that plaintiff must prove freedom from contributory negligence. Similar language was repeated in other instructions. This can be corrected upon retrial.

For the reasons assigned we believe justice will best be served by reversing the judgment as to both defendants and remanding the case for new trial. *Zemczonek v. McElroy,* 264 Ala 258, 86 So2d 824; 5B CJS 411, Appeal and Error § 1919.

Reversed.